JOSHUA D. HURWIT
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
EXECUTIVE ASSISTANT UNITED STATES ATTORNEY
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:(208) 334-1413

COREY R. AMUNDSON
CHIEF
JORDAN DICKSON, CALIFORNIA STATE BAR NO. 324406
KATHRYN E. FIFIELD, WISCONSIN STATE BAR NO. 1097640
TRIAL ATTORNEYS
CRIMINAL DIVISION, PUBLIC INTEGRITY SECTION
1301 NEW YORK AVE. NW, SUITE 1000
WASHINGTON, DISTRICT OF COLUMBIA 20530

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN A. BENDAWALD,<br><br>Defendant. | Case No. 1:23-cr-00281-DCN<br><br>**UNITED STATES'S UNOPPOSED MOTION FOR PROTECTIVE ORDER** |

The United States of America, by and through the undersigned Assistant United

States Attorney, hereby seeks an order, pursuant to Rule 16(d)(1) of the Federal Rules of

Criminal Procedure, for a protective order regarding the discovery in this case. Defendant

does not object to the present motion and proposed order.

GOVERNMENT'S UNOPPOSED MOTION FOR
PROTECTIVE ORDER—1

This Court has discretionary authority to enter protective orders regarding discovery pursuant to Rule 16, which states, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). Accordingly, a "trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *See Alderman v. United States*, 394 U.S. 165, 185 (1969). The movant bears the burden of establishing "good cause" for the requested protective order. *See United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015).

Presently, the government requests that the discovery be protected for the following reasons:

1. Counsel for the defendant will need an unredacted copy of the discovery in this case to aid his investigation and defense of this case; defendant is charged with three counts of Deprivation of Rights Under Color of Law, under 18 U.S.C. § 249, and five counts of Federal Program Bribery, under 18 U.S.C. § 666(a)(1)(B).

2. The discovery in this case is voluminous; currently, the discovery includes approximately 193,396 documents totaling more than 262,986 pages.

3. Throughout, the discovery includes sensitive documents such as medical records, personnel records, unrelated investigative documents, as well as documents containing personal information of victims. Under the Crime Victims' Rights Act, a crime victim has, *inter alia*, "the right to be treated with fairness and with respect for the victim's

      dignity and privacy," 18 U.S.C. § 3771(a)(8); *United States v. McNeil*, 320 F.3d 1034, 1035 n.1 (9th Cir. 2003).

4. The government recognizes its duty to provide discovery to the defense in a timely manner. The government wishes to accommodate the needs of defense counsel, while simultaneously meeting its obligation to protect the personal information and privacy of the third parties and victims. The government believes that both objectives may be met by a protective order restricting dissemination of the discovery to defense counsel, investigators, and those necessary to the defense.

The government, therefore, requests a protective order including in substance the following:

1. The government may produce, as necessary, unredacted material in discovery to the defense, including personal identifying information of the victim(s) and other individuals. These records contain, among other information, medical records, home addresses, and dates of birth. All materials that the government produces to the defense are solely for the use of the defendant, his respective attorney, or other individual or entities acting within the attorney-client relationship to prepare for the trial in this case. The purpose of this protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal information of others, including victims.

2. Defendant and his attorney, and all other individuals or entities who receive materials in this case are prohibited from directly or indirectly providing

access to, or otherwise disclosing the contents of these materials to anyone not working on the defense of this criminal case, or from otherwise making use of the materials in a manner unrelated to the defense of this criminal case. Authorized use of materials related to the defense of this criminal case shall include showing and discussing such materials with government and defense witnesses, and the defendant.

3. Defendant, his attorney, and all other individuals or entities who receive materials in this case shall maintain all materials received from the government in a manner consistent with the terms of this protective order. Materials produced to the defense shall be stored in a secure manner by defense counsel in boxes, files or folders marked "UNDER PROTECTIVE ORDER—DO NOT DISCLOSE." Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

4. Defendant and his attorney are required to give a copy of this protective order to all individuals or entities engaged or consulted by defense counsel in their representation of Defendant. Before disseminating protected materials to the individual or entity engaged or consulted by defense counsel, defense counsel shall obtain a signed acknowledgement from the individual or entity that they agree to be bound by the terms of this protective order, including their obligation to return or destroy protected materials as stated in Paragraph 5. A knowing and willful violation of this protective order by the defendant, his

attorney, or others may result in contempt of court proceeding or other civil or criminal sanctions.

5. Within two years of the conclusion of this case, including all related appeals and any related collateral proceedings such as post-conviction proceedings, all documents produced pursuant to this protective order, and all copies thereof (other than exhibits of the Court), shall be returned to the United States Attorney's Office or destroyed.

6. The provisions of this order governing disclosure and use of the documents shall not terminate at the conclusion of this criminal prosecution.

## CONCLUSION

Based on the above, the government respectfully requests that the Court grant the requested motion.

Respectfully submitted this 1st day of November, 2023.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY

By:

*/s/ Katherine Horwitz*
Katherine Horwitz
Executive Assistant U.S. Attorney

GOVERNMENT'S UNOPPOSED MOTION FOR
PROTECTIVE ORDER—5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 1, 2023, the foregoing **GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Debra Ann Groberg<br>Nevin, Benjamin & McKay LLP<br>P.O. Box 2772<br>Boise, ID 83701<br>208-343-1000<br>dgroberg@nbmlaw.com | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ Email |

    /s/ *Katherine Horwitz*
    Katherine Horwitz
    Executive Assistant United States Attorney