JOSHUA D. HURWIT
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
EXECUTIVE ASSISTANT UNITED STATES ATTORNEY
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211

COREY R. AMUNDSON
CHIEF
JORDAN DICKSON, CALIFORNIA STATE BAR NO. 324406
TRIAL ATTORNEY
CRIMINAL DIVISION, PUBLIC INTEGRITY SECTION
1301 NEW YORK AVE. NW, SUITE 1000
WASHINGTON, DISTRICT OF COLUMBIA 20530

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN A. BENDAWALD,<br><br>Defendant. | Case No. 1:23-cr-00281-DCN<br><br>**UNITED STATES'S RESPONSE TO MOTION FOR SUPPLEMENTAL JURY QUESTIONNAIRE (ECF 40)** |

Given the nature of the charges and the position of trust Defendant Ryan A. Bendawald held, the United States agrees with the Defendant's request that this Court order the Clerk of Court to submit a supplemental questionnaire to all potential jurors to ensure efficient empanelment of a fair and unbiased jury. Three questions in the Defendant's proposed questionnaire, however, do not seek information helpful to this aim. Instead,

these three questions promote a defense argument that the victims are lying. Accordingly, the Government objects to the inclusion of these three questions in the supplemental questionnaire. Without those three questions, the Government has no objection to the Defendant's motion to submit its proposed questionnaire.

## BACKGROUND

Defendant Ryan Bendawald, a former Sergeant in the Street Crimes Unit ("SCU") of the Caldwell Police Department ("CPD") in Caldwell, Idaho, was indicted by the grand jury on two counts of felony deprivation of rights under color of law, in violation of 18 U.S.C. § 242, one count of misdemeanor deprivation of rights under color of law, in violation of 18 U.S.C. § 242, and four counts of federal program bribery, in violation of 18 U.S.C. § 666. Indictment, ECF 1. All charges stem from the Defendant's repeated solicitation and coercion of sex and sexual favors from women whom he encountered during his law enforcement duty. *See id.*

Between 2008 and 2021, the Defendant advanced through the ranks of the department, becoming an Investigator, Detective, Specialist, Corporal, and ultimately a Sergeant in 2019. In 2012, the Defendant began to report to Joey Hoadley, who was recently convicted of federal obstruction of justice offenses, including witness tampering. *See* Verdict, *United States v. Hoadley*, No. 1:22-CR-00056-SWS, ECF 92 (D. Idaho Aug. 12, 2022). The Defendant was a part of Hoadley's SCU, a small unit of officers primarily dedicated to combatting gang-related violence and drug crimes.

The Defendant repeatedly abused his position as a police officer to sexually victimize women he came across in the course of his job. This pattern of sexual abuse appeared over the course of the federal investigation and ultimately led the Boise grand jury to indict the

GOVERNMENT'S RESPONSE TO MOTION FOR
SUPPLEMENTAL JURY QUESTIONNAIRE—2

Defendant on seven counts of sexual assault, sexual contact, and soliciting or accepting sex or sexual favors in exchange for favorable police treatment. *See* Indictment, ECF 1.

Recently, the Defendant moved for a supplemental jury questionnaire, which the Government agrees is necessary to empanel a fair and unbiased jury. *See* Motion, ECF 40.

## LEGAL FRAMEWORK

"*Voir dire* examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges." *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991). To serve that end, Federal Rule of Criminal Procedure 24 vests in district courts broad discretion to control the nature and extent of the examination of potential jurors. Fed. R. Crim. P. 24. This discretion extends to the decision to submit a jury questionnaire to prospective jurors prior to trial.

Written jury questionnaires offer several advantages over oral voir dire alone: (1) they have been shown to elicit more candid responses on sensitive topics; (2) they allow jurors more time to think through the questions and give complete answer; (3) they encourage shy jurors, who might otherwise not speak up or raise their hands, to share their views; (4) they ensure that the venire panel is not tainted by the bias of any single potential juror; and (5) they expedite voir dire significantly by providing counsel with advance information concerning each prospective juror—information that counsel could otherwise obtain only through individual in-court questioning of each juror. Lilley, Lin S., *Let Jurors Speak the Truth in Writing: Some Jurors Aren't Fully Candid During Oral Voir Dire. When you Hand Them a Supplemental Juror Questionnaire and a Pen, Many Will Feel Free to Open Up*, Trial J. For the Am. Ass'n For Just. 41, no. 7, 64–69 (July 2005); *see also Pena-Rodriguez v. Colorado*, 580 U.S. 206, 245–46 (2017) ("Lawyers may use questionnaires or individual

questioning of prospective jurors in order to elicit frank answers that a juror might be reluctant to voice in the presence of other prospective jurors." (footnotes omitted)) (Alito, J. dissenting).

## ARGUMENT

Written jury questionnaires are especially valuable in cases, such as this one, involving sensitive and polarizing issues of law enforcement misconduct. *See United States v. Causey*, 185 F.3d 407, 430 (5th Cir. 1999) (noting that jury questionnaire improved voir dire in a police brutality prosecution because it gave both sides "a great deal of insight into the potential jurors' views"). It is particularly "helpful in identifying jurors with views so extreme that they c[an] be readily excused for cause," *United States v. Quinones*, 511 F.3d 289, 298 (2d Cir. 2007), thereby "conserv[ing] judicial resources by saving a substantial amount of time relative to a jury selection process in which the entire voir dire is conducted orally," *United States v. Ashburn*, No. 13-cr-0303 (NGG), 2014 WL 5800280, at *18 (E.D.N.Y. Nov. 7, 2014).

Recognizing the value in supplemental jury questionnaires, federal courts across the country have used them to help select impartial juries in many recent federal "color-of-law" prosecutions. *See, e.g.*, *United States v. Dodge*, No. 17-CR-323 (W.D. La.); *United States v. Slager*, 2:16-CR-378 (D. S.C.); *United States v. Davis*, No. 16-CR-124 (M.D. La.); *United States v. Corder*, No. 3:15-CR-141 (W.D. Ky.); *United States v. McIntosh*, No. 8:12-CR-039 (D. Md.); *United States v. McCrae*, No. 11-CR-30345 (E.D. La.); *United States v. Moore*, No. 2:10-CR-213 (E.D. La.); *United States v. Warren*, No. 10-CR-154 (E.D. La.). Like these federal courts, this Court has also seen the value in supplemental written jury questionnaires and submitted them to potential jurors ahead of jury selection in cases alleging police misconduct and in

GOVERNMENT'S RESPONSE TO MOTION FOR
SUPPLEMENTAL JURY QUESTIONNAIRE—4

otherwise complicated cases. *See, e.g.*, Order, *United States v. Hoadley*, No. 1:22-CR-00056-SWS, ECF 32 (D. Idaho Aug. 12, 2022) (authorizing supplemental jury questionnaire in police misconduct case); *see also* Notice of Final Jury Questionnaire, *United States v. Babichenko*, No. 1:18-cr-00258-BLW, ECF 1395 (D. Idaho April 18, 2022).

To ensure that the jury empaneled for the trial of this matter will be fair and impartial—able to render a verdict based on the evidence alone, rather than on any bias for or against law enforcement officers—the Government joins the Defendant in respectfully requesting that this Court authorize the Clerk of Court to send the supplemental questionnaire to potential jurors in advance of trial. The Defendant's proposed questionnaire, ECF-40-1, overwhelmingly solicits information necessary to ensure no juror carries preconceived bias that will inject unfairness into the proceeding. There are three exceptions, however: Questions 61, 62, and 63.

Rather than pose a neutral question, these three questions have the gloss of advocacy for the defense—they insinuate that the victims are lying. *See, e.g.*, ECF 40-1, at 12–13 (Question 61: "Do you think someone could accuse another person of rape or sexual assault, even if it wasn't true?"; Question 62: "Do you think someone could accuse another person of rape or sexual assault, even if it wasn't true?"). Because the Court, not the parties, would be asking these questions of the potential jurors, no slant of advocacy should be present. If the Court were to pose these questions to the potential jurors, those jurors would have the impression that the Court did not believe the victims in this case were telling the truth. No question should suggest the Court's assessment of any witness's credibility, not the Defendant or a victim.

GOVERNMENT'S RESPONSE TO MOTION FOR
SUPPLEMENTAL JURY QUESTIONNAIRE—5

Moreover, these questions do not seek to solicit information particularly helpful to the empanelment of a fair jury; there is no doubt that "someone could lie about something very important," even "accus[ing] another person of rape." ECF 40-1, at 12. Accordingly, Questions 61, 62, and 63 must be struck from the questionnaire.

So edited, the Government agrees with the defense that this questionnaire would assist in the efficient empanelment of a fair and unbiased jury in January. If the Court grants the present motion, the Government respectfully requests that the Clerk of Court provide the juror-questionnaire responses to both parties no later than two weeks prior to the date of trial.

## CONCLUSION

Based on the above, the Government respectfully requests that the Court grant the Defendant's motion and provide the proposed supplemental questionnaire without Questions 61, 62, and 63.

Respectfully submitted this 7th day of August, 2024.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

/s/ Katherine L. Horwitz
KATHERINE L. HORWITZ
Executive Assistant United States Attorney

COREY R. AMUNDSON
CHIEF, PUBLIC INTEGRITY SECTION
U.S. DEPARTMENT OF JUSTICE
By:

/s/ Jordan Dickson
JORDAN DICKSON
Trial Attorney
Public Integrity Section

GOVERNMENT'S RESPONSE TO MOTION FOR
SUPPLEMENTAL JURY QUESTIONNAIRE—6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2024, the foregoing **GOVERNMENT'S RESPONSE TO MOTION FOR SUPPLEMENTAL JUROR QUESTIONNAIRE** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Debra Ann Groberg<br>Nathan Pittman<br>Nevin, Benjamin & McKay LLP<br>P.O. Box 2772<br>Boise, ID 83701<br>208-343-1000<br>dgroberg@nbmlaw.com<br>npittman@nbmlaw.com | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ Email |

/s/ *Katherine Horwitz*
Katherine Horwitz
Executive Assistant United States Attorney

GOVERNMENT'S RESPONSE TO MOTION FOR
SUPPLEMENTAL JURY QUESTIONNAIRE—7