Debra Groberg (ISB#9797)
Nathan Pittman (ISB#9430)
NEVIN, BENJAMIN & McKAY LLP
303 West Bannock
P.O. Box 2772
Boise, Idaho 83701
Telephone: (208) 343-1000
Facsimile: (208) 345-8274
dgroberg@nbmlaw.com
npittman@nbmlaw.com

*Attorneys for Defendant Ryan Bendawald*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CASE NO. 1:23-CR-281-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPLY IN SUPPORT OF MOTION** |
| | ) | **FOR SUPPLEMENTAL JURY** |
| RYAN A. BENDAWALD, | ) | **QUESTIONNAIRE [DKT. 40]** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The parties agree that a supplemental jury questionnaire is appropriate in this case, and the government only objects to three questions proposed by Mr. Bendawald. Those three proposed questions are the subject of this brief Reply. In short, the proposed questions are neutral, pertinent, and focused on uncovering juror bias on important topics the potential jurors may be reluctant to speak about in open court.

The government objects to proposed Questions 61, 62, and 63. These questions state:

61. Do you agree that someone could lie about something very important, including whether another person committed a crime?

62. Do you think someone could accuse another person of rape or sexual assault, even if it wasn't true?

63. Which statement do you agree with more: (A) If multiple people claim

REPLY IN SUPPORT OF MOTION FOR SUPPLEMENTAL JURY QUESTIONNAIRE - 1

something similar happened to them, it is more likely each person is telling the truth; or (B) Even when multiple people make similar claims, it is important to look at each claim individually on its own merits.

☐ Yes        ☐ No        ☐ I agree with Neither Statement

The government asserts that these questions are not neutral and insinuate that the complaining witnesses are not being truthful. *See* Resp. at 5. The government also objects that the solicited information is not "particularly helpful." *Id*. at 6. Neither objection is persuasive.

All three questions are neutral on their face—written so a potential juror may agree or disagree with each position without being framed to influence a juror one way or another. With respect to Questions 61 and 62, it cannot be the case that even mentioning the possibility a complaining witness's allegation could be untrue taints a question with "the gloss of advocacy for the defense."[1] *See* Resp. at 5. After all, both the presumption of innocence and the fact that the jurors are called to serve in a trial where both sides present a case presuppose that allegations made by complaining witnesses may not always be accurate, or at least do not cross the hurdle of reasonable doubt.

Questions 61 and 62 are also important in exposing juror bias. If a juror answered Questions 61 and 62 in the negative, they should not be empaneled to sit on this jury, which alone demonstrates the importance of the questions as ones that are "helpful in identifying jurors with views so extreme that they c[an] be readily excused for cause," *United States v. Quinones,* 511 F.3d 289, 298 (2d Cir. 2007). Moreover, the defense is not as sure as the government that all potential jurors would really believe that a person could be untruthful about such important, life-changing matters. In recent years, there has been a rallying cry around the #MeToo movement

---

[1] We note that Questions 43 and 44 seek to uncover the same type of bias with respect to a belief about law enforcement officers' ability to be untruthful and commit crimes, and the government has no objection to them. Indeed, it initially proposed these questions.

with the slogan "Believe Women" or "Believe All Women."[2] Indeed, the government has positioned this case in the "MeToo" mold, asserting that Mr. Bendawald abused a position of authority to abuse women while on the job. *See* Resp. at 2. It is therefore critical to understand the bias a potential juror brings to an allegation of this kind before they are chosen to hear the evidence. A juror questionnaire is the ideal way to assess these biases, because as noted in both Mr. Bendawald's Motion and the government's Response, these topics may be sensitive and controversial for jurors and therefore may be difficult to talk about in open court. These questions therefore protect Mr. Bendawald's right to be judged solely on the evidence presented at trial.

Question 63 is also neutral and pertinent. Potential jurors are asked to indicate which of the two statements they agree with more, neither is presented as the "correct" choice, and the potential juror is not locked into choosing one or the other, they may say they agree with neither statement and explain why. Thus, the question is framed to expose juror biases on an important aspect of the case in a way that may be difficult in live voir dire given the complexity of this matter. The defense anticipates that the fact there are multiple complaining witnesses making allegations against Mr. Bendawald will be a significant part of the government's case and a primary reason the government asks the jury to believe any individual complaining witness. However, the jury will be instructed to consider each count individually, *see* Ninth Circuit Model Jury Instruction 6.11, so it will be important to expose juror biases and opinions regarding multiple allegations to determine whether jurors can follow the Court's instructions.

For the foregoing reasons, Mr. Bendawald requests that the Court issue the proposed juror questionnaire and retain the three questions objected to by the government. The defense also joins

---

[2] There has been significant controversy over what exactly these terms mean, but the controversy itself has elevated the issue to the point it is not only fair but important to ask jurors their views on how these kinds of allegations should be weighed.

in the government's request that the Clerk of Court provide the supplemental jury questionnaire responses to both parties no later than two weeks prior to the date of trial.

DATED this 14th day of August, 2024.

                                 NEVIN, BENJAMIN & McKAY LLP

                                 /s/ Debra Groberg
                                 Debra Groberg

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
United States Attorney's Office
khorwitz@usdoj.gov

/s/ Debra Groberg
Debra Groberg