JOSHUA D. HURWIT
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
EXECUTIVE ASSISTANT UNITED STATES ATTORNEY
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211

COREY R. AMUNDSON
CHIEF
JORDAN DICKSON, CALIFORNIA STATE BAR NO. 324406
TRIAL ATTORNEY
CRIMINAL DIVISION, PUBLIC INTEGRITY SECTION
1301 NEW YORK AVE. NW, SUITE 1000
WASHINGTON, DISTRICT OF COLUMBIA 20530

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN A. BENDAWALD,<br><br>Defendant. | Case No. 1:23-cr-00281-DCN<br><br>**UNITED STATES'S SECOND MOTION FOR PROTECTIVE ORDER AMENDMENT** |

The United States of America, by and through the undersigned Assistant United States Attorney, hereby seeks an order, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for a protective order regarding the victims' personal and confidential material. This protection is necessary to ensure compliance with the procedural protections afforded in Rule 17 and statutorily mandated under the Crime Victims' Rights Act, 18 U.S.C. § 3771.

GOVERNMENT'S SECOND MOTION FOR
PROTECTIVE ORDER—1

## Background

In June, the Defendant obtained at least one subpoena for "any and all" information, records, and media related to more than twenty women who reported to federal agents that the Defendant abused them while a Caldwell Police Department Officer. *See* Subpoena, ECF 41-1, at 3. The women included in this list reported that the Defendant forcibly raped them, extorted them by threatening to bring criminal charges if they did not engage in sex acts with him, harassed them at their homes, and sexually fondled and assaulted them during arrest. *See* ECF 1. Many of these women were at one time in state or federal custody because of a carceral sentence for their own crimes; some remain in custody today. Accordingly, their respective custodians—Idaho Department of Corrections, Canyon County Sheriff's Office, and Bureau of Prisons—have records that detail their intimate, daily lives, including medical records, personal services, and educational records.

In obtaining this subpoena, the Defendant ignored the requirements of Rule 17(c)(3), which placed the burden squarely on him to obtain leave from this Court before obtaining personal information of any victim. *See* Fed. R. Crim. P. 17(c)(3). The Government moved to quash this subpoena and requested that the Court ask the Defendant whether similar subpoenas have been obtained and served. *See* ECF 37, at 8 n.2. In his response to this motion, the Defendant filed an *ex parte* brief explaining the relevancy of "any and all records" related to these twenty-plus women. ECF 38, at 10. The Government moved to access this brief and requested an extension to file its reply regarding the pending motion to quash. ECF 42.

GOVERNMENT'S SECOND MOTION FOR
PROTECTIVE ORDER—2

During this ongoing litigation, the defense represented to the Court and the Government during an informal status conference that it would segregate the improperly obtained material while the motion to quash was pending. With that assurance, the Government was satisfied that the victims' personal information would be appropriately safeguarded during this Court's review. Since then, however, the Government learned that defense counsel submitted a public record's request to the Canyon County Sheriff's Office. *See* Idaho Code § 74-102. To safeguard the Defendant's rights, the Government did not ask the Canyon County Sheriff's Office what information had been requested. Instead, the Government asked the defense—who refused to answer. Accordingly, the Government now seeks a protective order to ensure all personal and confidential information related to any victim is adequately protected.

## Legal Framework

This Court has discretionary authority to enter protective orders regarding discovery pursuant to Rule 16, which states, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). Accordingly, a "trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *See Alderman v. United States*, 394 U.S. 165, 185 (1969). The movant bears the burden of establishing "good cause" for the requested protective order. *See United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015).

### Argument

Given the timing and context of the defense's latest request, the Government has good cause to believe that the defense may be employing the Idaho Public Records Act as an end-run around Rule 17(c)(3). *See United States v. Reinhart*, 2024 WL 815519, at *2 (N.D. Tex. Feb. 27, 2024) ("Rule 17(c)(3) provides the sole avenue for criminal defendants to obtain personal or confidential information about a crime victim from a third party."). Accordingly, a protective order requiring the Defendant to employ Rule 17 when seeking personal and confidential information related to victims is necessary.

Courts frequently recognize the Crime Victims' Rights Act "indicate a Congressional intent to protect a crime victim . . . from needless invasion of privacy that may impair his or her dignity or further psychological harm to him or her." *United States v. Lacey*, No. CR-18-00422-DJH, 2024 WL 216771, at *3 (D. Ariz. Jan. 19, 2024). Rule 17 likewise employs special procedural safeguards to ensure crime victim's rights are protected. Fed. R. Crim. P. 17(c)(3) advisory committee's notes to 2008 amendment (recognizing "special concerns" when a third party holds information related to a victim). "Accordingly, the amendment requires judicial approval before service of a subpoena seeking personal or confidential information about a victim from a third party." *Id.*; *see also United States v. Sellers*, 275 F.R.D. 620, 623 (D. Nev. 2011) (stating "[l]eave of court is required for a pretrial subpoena *duces tecum*").

The Government now asks the Court to employ the same protections here when the Defendant seeks personal and confidential information of a victim. This additional protection is necessary because the third-party records custodian will not be aware of the federal protections afforded to victims. Likewise, the third-party records custodians will not

GOVERNMENT'S SECOND MOTION FOR
PROTECTIVE ORDER—4

know the context of the requested information, including the existence of an ongoing federal criminal case or the identity of any victim. Thus, these third-party agencies may unwittingly turn over a victim's personal and confidential information in violation of the federal protections, as well as Idaho law.

Under Idaho law, a state agency is prohibited from providing public records that amount to an "[u]nwarranted invasion of personal privacy," which includes victims of sexual abuse. *See* Idaho Code § 74-101(16)(a). Here, the third-party agency responding to the Defendant's public records requests will not know the records contain information related to victims of sexual abuse. Moreover, when the records relate to an ongoing proceeding, the Idaho Public Records Act envisions deference to "the normal course of judicial or administrative adjudicatory proceedings, subject to the law and rules of evidence and of discovery governing such proceedings." *See* Idaho Code § 74-115(3). Continuing, the Act explicitly states: "nor shall this chapter be available to supplement, augment, substitute or supplant discovery procedures in any other federal, civil or administrative proceeding." *Id.*

Additionally, this Court has held that "[t]he Public Records Act specifically provides some types of records that are exempt from disclosure including '[a]ny public record exempt from disclosure by federal or state law or federal regulations to the extent specifically provided for by such law or regulation.'" *See Planned Parenthood v. Wasden*, 350 F. Supp. 3d 925, 934 (D. Idaho 2018) (quoting Idaho Code § 74-104(1)). Here, the applicable federal statutes and rules should govern the criminal proceeding before this Court, not the Idaho Public Records Act.

GOVERNMENT'S SECOND MOTION FOR
PROTECTIVE ORDER—5

Accordingly, in this unusual context, this Court should order the Defendant to adhere to the requirements of Rule 17(c)(3) when seeking personal or confidential information related to victims, including those who may testify under Federal Rules of Evidence 404(b) and 413. This amended order is necessary to ensure that no Idaho State procedure is employed as a means of evading the federal protections afforded crime victims.

## CONCLUSION

Based on the above, the government respectfully requests that the Court grant the requested motion to amend the protective order to require use of Rule 17(c)(3) when seeking personal or confidential information of any victim.

Respectfully submitted this 27th day of August, 2024.

        JOSHUA D. HURWIT
        UNITED STATES ATTORNEY

        By:

        */s/ Katherine Horwitz*
        Katherine Horwitz
        Executive Assistant U.S. Attorney

        COREY R. AMUNDSON
        CHIEF, PUBLIC INTEGRITY SECTION
        U.S. DEPARTMENT OF JUSTICE
        By:

        */s/ Jordan Dickson*
        JORDAN DICKSON
        Trial Attorney
        Public Integrity Section
        U.S. Department of Justice

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 27, 2024, the foregoing **GOVERNMENT'S SECOND MOTION FOR PROTECTIVE ORDER** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Debra Ann Groberg<br>Nevin, Benjamin & McKay LLP<br>P.O. Box 2772<br>Boise, ID 83701<br>208-343-1000<br>dgroberg@nbmlaw.com | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ Email |

      /s/ *Katherine Horwitz*
Katherine Horwitz
Executive Assistant United States Attorney