JOSHUA D. HURWIT
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
ASSISTANT UNITED STATES ATTORNEY
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:(208) 334-1413

COREY R. AMUNDSON
CHIEF
JORDAN DICKSON, CALIFORNIA STATE BAR NO. 324406
TRIAL ATTORNEY
CRIMINAL DIVISION, PUBLIC INTEGRITY SECTION
1301 NEW YORK AVE. NW, SUITE 1000
WASHINGTON, DISTRICT OF COLUMBIA 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:23-cr-00281-DCN |
| Plaintiff, | |
| vs. | **UNITED STATES'S RESPONSE TO DEFENDANT'S SECOND MOTION TO CONTINUE TRIAL (ECF 59)** |
| RYAN A. BENDAWALD, | |
| Defendant. | |

After obtaining more than year's continuance, the defendant now seeks an additional (unknown) amount of time to prepare for trial. For over a year, the defendant has had the discovery and notice of potential other-acts witnesses. Yet, he now cites this same information as a basis for a second continuance, along with the ongoing litigation stemming from his failure to adhere to Federal Rule of Criminal Procedure 17. None of the cited bases warrant a second continuance. Accordingly, this Court should deny the defendant's motion and conducted trial as currently scheduled on January 21, 2025.

## Background

On October 11, 2023, a federal grand jury sitting in the District of Idaho returned an indictment charging the defendant with two felony counts of violating 18 U.S.C. § 242 (deprivation of civil rights involving aggravated sexual abuse), one misdemeanor count of violating 18 U.S.C. § 242 (deprivation of civil rights), and five counts of violating 18 U.S.C. § 666(a)(1)(B) (bribery involving federal funds). Counts 1, 3, and 8 allege violations of 18 U.S.C. § 242 and accuse the defendant of sexual assaults within the meaning of Rule 413. Counts 2 and 4 through 7 allege violations of 18 U.S.C. § 666(a)(1)(B) and relate to the defendant's corrupt solicitation of victims for sexual favors in exchange for favorable police treatment.

Trial was scheduled for January 8, 2024. Since then, the defendant obtained a year-long continuance of the trial, seeking an additional time to prepare. *See* First Motion to Continue, ECF 24 (Dec. 1, 2023). As the basis for this lengthy continuance, defense counsel cited the "voluminous" discovery provided on November 15, 2023, pointing to more 193,396 documents produced by the government. *See id.* at 2; ECF 24-1 ¶ 3. Defense counsel also cited the need to conduct extensive investigation into the allegations and the need for additional time to adequately prepare for trial. *See* ECF 24, at 1–2. The government did not object to this initial, lengthy continuance. The Court found this lengthy continuance was necessary to adequately prepare for and investigate the charges. *See* ECF 27, at 1–2. Accordingly, the Court determined that the 12 months were excludable under § 3161(h)(7)(A) and (B) and scheduled the trial to begin on January 21, 2025. *See id.* at 2.

GOVERNMENT'S RESPONSE TO SECOND MOTION FOR TRIAL CONTINUANCE—2

Over the next ten months, the parties conferred with the Court staff during five informal status conferences. *See* Dkt. Entry Notes, ECF 25, 29, 33, 36, 41. During each, Court staff inquired of the parties as to potential hiccups in discovery or the proceedings. Until the last conference, defense counsel had raised no concerns with the current trial setting. Presently, the defendant seeks a continuance of unspecified length, primarily citing the same bases as those cited almost a year ago. The Government objects.

**Argument**

Since indictment, the trial has been continued more than year. In his latest request, the Defendant raises the following four bases for a second, unknown time in which to prepare for trial: (1) the voluminous discovery; (2) the pending motion to quash a subpoena for his failure to adhere to the Rules of Criminal Procedure; (3) the anticipation of pre-trial litigation; and (4) the complexity of the crimes alleged. As discussed herein, none of these bases warrant a second, lengthy continuance.

First, the nature and production of discovery does not support the defendant's claim for more time. Within weeks of the indictment, the government produced more than ninety-percent of the discovery to date. As the defendant recognizes, most of this material is unrelated email traffic obtained from CPD officers—which the defendant has already utilized during litigation. Moreover, this is not a case where the discovery material or the allegations are complex. The material is not dense: it does not involve complicated white-collar schemes requiring financial analysis or complex multiple-defendant conspiracies. The allegations are straightforward: the defendant sexually abused the women he encountered while on duty as a police officer. Nor is the volume great. In the

GOVERNMENT'S RESPONSE TO SECOND MOTION FOR TRIAL CONTINUANCE—3

era of digital evidence, cases involving millions of pages of discovery are common. Here, the investigative reports total approximately 40,000 pages and the remaining material is email traffic. Each data set is easily searchable and organizable.

Next, the defendant points to the pending motions regarding his abuse of Rule 17 as warranting a continuance. First, the defendant elected to ignore Rule 17 entirely when he sent a subpoena seeking any and all custodial reports related to more than twenty women reporting abusive policing. The government moved to quash that subpoena. Nothing prevented him then and nothing prevents him today from properly using the procedures outlined in Rule 17 to obtain additional subpoenas. Thus, his claim that the government's motion to quash somehow prevents him from continuing his investigation is simply false.

Concerningly, the defendant seems to argue that no trial date can be scheduled until the pre-trial litigation is resolved. As this Court well knows, pre-trial litigation goes hand-in-hand with jury trials. Often, such litigation arises right before and even during trial. The nature of litigation renders this fact unavoidable. Tellingly, the defendant relies heavily on the government's anticipated notice to offer evidence under Rules 404(b) and 413 to argue for a lengthy continuance. He fails to relay, however, that within weeks of the indictment, the government provided the defense with a list of possible "other acts" witnesses. True, the government voiced its intent to file its Rules 404(b) and 413 notice early, but has not yet done so. Once the trial date became disputed, the government elected to wait until a trial date was set to file its notice. Rather than file multiple notices—one supplanting the other as the trial date changes—the government elected to file a single notice once the trial date was set. This makes good sense as the government must account for the availability of witnesses for trial, along with a constellation of factors affected by an unknown trial date.

GOVERNMENT'S RESPONSE TO SECOND MOTION FOR TRIAL CONTINUANCE—4

Contrary to the defense's assertion otherwise, the government does not intend to call twenty women to introduce "other acts" evidence. Rather, it intends to limit its request to seven or eight women who may testify about their experiences with the defendant. The government understands its case in chief: it will not include "twenty or more separate incidents from twenty separate complainants," nor will it seek to introduce the defendant's "entire police record," as the defendant suggests. ECF 59, at 5. Rather, as repeatedly stated during the almost monthly status conferences, the government intends to efficiently present its case to the jury over the two to three weeks allotted. The government has no interest in conducting "mini-trials" but instead will seek to introduce other sexual assaults and acts because they go to the core issue of the case, *i.e.* whether the defendant sexually assaulted Victims 1 and 7 and solicited the remaining victims.

Defense counsel's conclusion that the government's case is "well beyond . . . even many white-collar cases" falls flat upon an examination of the record. *Id.* This case is simply not one where a single witness will testify for days on end. No witness must distill tens of thousands of pages of financial transactions or consumer data. This is not a securities fraud scheme involving thousands of victims, manipulation of markets, or complicated contracts. No expert witness will be called to provide detailed, tedious testimony regarding the examination of forensic or physical evidence.

At its core, the trial will be seven women called to testify about the eight charged counts. As permitted by this Court, seven additional women may provide "other acts" evidence about their own experiences with the defendant; each of these "other acts" witness's testimony will be specifically tailored to address the appropriate basis for admission—and take less than an hour on direct. In addition to the handful of officers who

GOVERNMENT'S RESPONSE TO SECOND MOTION FOR TRIAL CONTINUANCE—5

will testify about charged events, the government anticipates calling a small number of officers to explain the defendant's police practices, such as disabling his GPS tracker. Thus, the nature of this trial is straightforward and testimony dependent.

Concerningly, defense counsel seeks no set continuance length or trial date. *See* Motion, ECF 59, at 8 (requesting that this Court "grant his Motion [to] vacate the present trial date and continue the trial" without suggesting a new date). She represents no time in which she will be ready to proceed to trial. Even if the Speedy Trial Act allowed such open-ended continuances—it does not[1]—the perpetual continuance of trial only benefits the defendant, at the expense of the victims and the government. As the trial is continued, witnesses' memories may fade and their availability may be affected. Further delay will prejudice the government. What's more, defense counsel fails to cite with any specificity what efforts are still underway and necessary to mount a constitutionally effective defense. *See, e.g.*, Motion, ECF 59, at 5 (representing that "investigative work remains to be done").

Even if the Defendant waives his speedy trial rights, the public and victims have an independent right to a promptly conducted trial. *See* 18 U.S.C. § 3771(a)(7) ("A crime victim has the right to proceedings free from unreasonable delay."). For all victims, this trial looms over their lives—causing interruptions to their lives (both emotional and practical) whenever the government contacts them to provide case updates. The Crime Victim's Rights Act requires more.

---

[1] *See United States v. Clymer*, 25 F.3d 824, 828 (9th Cir. 1994) (holding that an ends-of-justice continuance must be specifically limited in time).

GOVERNMENT'S RESPONSE TO SECOND MOTION FOR TRIAL CONTINUANCE—6

## CONCLUSION

The Government respectfully requests that this Court deny the motion to further continue trial and maintain the current January 2025 trial date.

Respectfully submitted this 15th day of October, 2024.

| | |
|---|---|
| JOSHUA D. HURWIT<br>UNITED STATES ATTORNEY | COREY R. AMUNDSON<br>Chief, Public Integrity Section<br>U.S. Department of Justice |
| By:  /s/ Katherine Horwitz<br>Katherine L. Horwitz<br>Assistant U.S. Attorney<br>United States Attorney's Office<br>District of Idaho<br>1290 West Myrtle Street, Suite 500<br>Boise, ID 83702<br>208-334-1155<br>kate.horwitz@usdoj.gov | /s/ Jordan Dickson<br>Jordan Dickson<br>Trial Attorney<br>Public Integrity Section<br>1301 New York Ave. NW, 10th Fl.<br>Washington, DC 20005<br>202-597-0508 |

GOVERNMENT'S RESPONSE TO SECOND MOTION FOR TRIAL CONTINUANCE—7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 15, 2024, the foregoing **GOVERNMENT'S RESPONSE TO SECOND MOTION FOR TRIAL CONTINUANCE** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Debra Ann Groberg<br>Nevin, Benjamin & McKay LLP<br>P.O. Box 2772<br>Boise, ID 83701<br>208-343-1000<br>dgroberg@nbmlaw.com | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ Email |

/s/ Katherine Horwitz
Katherine Horwitz
Assistant United States Attorney

GOVERNMENT'S RESPONSE TO SECOND MOTION FOR TRIAL CONTINUANCE—8