Debra Groberg (ISB#9797)
Nathan Pittman (ISB#9430)
NEVIN, BENJAMIN & McKAY LLP
303 West Bannock
P.O. Box 2772
Boise, Idaho 83701
Telephone: (208) 343-1000
Facsimile: (208) 345-8274
dgroberg@nbmlaw.com
npittman@nbmlaw.com

*Attorneys for Defendant Ryan Bendawald*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:23-CR-281-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT RYAN BENDAWALD'S** |
| | ) | **REPLY TO GOVERNMENT'S** |
| RYAN A. BENDAWALD, | ) | **RESPONSE TO SECOND MOTION TO** |
| | ) | **CONTINUE TRIAL READINESS** |
| Defendant. | ) | **CONFERENCE AND TRIAL [DKT. 61]** |
| _____ | ) | |

  Defendant Ryan Bendawald, through his attorneys, hereby replies to the government's Response to his Second Motion to Continue Trial Readiness Conference and Trial (Dkt. 61). The defense does not request an "open-ended continuance" as the government suggests; it is confident it could defend this matter at trial with a continuance of 180 days. The original motion did not specify a timeframe given the Court's statements at the September 19, 2024 status conference that it would need to review its calendar to determine when it could accommodate a four-week trial. Therefore, any new trial date would be determined by the Court's calendar and the defense is prepared to confer with the Court and government on an available date.

REPLY TO GOVERNMENT'S RESPONSE TO SECOND MOTION TO CONTINUE TRIAL - 1

## ARGUMENT

On December 1, 2023, sixteen days after receiving 193,396 documents, the defense made its best estimate of the timeframe it would need to prepare for trial. The defense diligently prepared but, given the complexity of the case and the number of anticipated witnesses, has not had sufficient time to fully investigate the accusations against Mr. Bendawald in a way that will render him effective assistance of counsel at trial. The defense is also concerned that outstanding pre-trial litigation and discovery render the present trial date non-viable. In the interest of justice, a continuance should be granted to afford Mr. Bendawald a fair trial.

Starting at the May 30, 2024 status conference, the defense began expressing concerns about the size of the case and the time allotted for trial as review of discovery indicated not just complicated allegations regarding the charged Alleged Victims, but also Mr. Bendawald's policing practices and voluminous potential 413 and 404(b) allegations, which would significantly expand the scope of this already large matter. By early September 2024, more than four months before trial, it had become increasingly apparent the trial date may not be viable and that issue was discussed at length at the September 18, 2024 status conference. Following the government's subsequent failure to file its 413 and 404(b) notice on the early motions deadline it set for itself (notably on the assumption that the trial date would be moved),[1] in conjunction with the delays associated with document gathering due to litigation over the parameters of Rule 17 and the anticipated need for additional investigation once the government identified its Rule 413 and 404(b) evidence, it became abundantly clear that the current trial date was not feasible.

---

[1] Resp. at 4, Dkt. No. 61 ("True, the government voiced its intent to file its Rule 404(b) and 413 notice early, but has not yet done so. Once the trial date became disputed, the government elected to wait until a trial date was set to file its notice.").

*A. Case Complexity*

The defense strongly disagrees with the government's representation of the anticipated complexity of this trial. The government explains this matter as "non-complex" and "straightforward," Resp. at 3, but that characterization is belied by the detailed allegations it gratuitously included in its Response to Mr. Bendawald's Motion to Suppress. The government laid out the case in over eight pages, alleging not just seven separate encounters separated by four years, but that Mr. Bendawald was engaged in a "scheme" during those years that involved an "assess[ment]" of the complainants and "grooming" behavior. Resp. to Mot. to Suppress at 8-9, Dkt. No. 63. The government has therefore put not just these seven alleged incidents at issue, but Mr. Bendawald's entire history of encounters with the complainants. Which, given that the complainants all have extensive criminal histories and many of them have been policed by Mr. Bendawald for many years, is a significant undertaking that touches not only on the complainants themselves but others who knew them and the connections between them.[2] In that sense, this case is similar to the complexity of a white collar case in that it is not just about discrete incidents but involves allegations of a course of conduct that ties the incidents together. No competent defense of Mr. Bendawald can focus on the seven alleged incidents alone.

That the government's case will focus on more than just these incidents is further evidenced by the allegations it included about Mr. Bendawald's policing practices. The government has signaled it will put on evidence pertaining to how Mr. Bendawald (who was a police officer for

---

[2] The government continues to pry into the defense investigation and trial strategy when it notes the lack of "specificity" as to exactly what investigative efforts are still underway as a reason the continuance should be denied. Resp. at 6. The defense is still investigating factually relevant matters that bear on the viability of the claims as asserted by the complainants. The defense is still awaiting factually relevant documents that directly relate to charged allegations in the indictment. The above discussion sufficiently apprises the Court and the government of the ongoing defense investigation.

REPLY TO GOVERNMENT'S RESPONSE TO SECOND MOTION TO CONTINUE TRIAL - 3

over ten years) conducted traffic stops generally, whether he disabled his GPS, whether he policed outside of his jurisdiction, and whether he was honest in search warrant applications and when testifying at trial, among other practices. *Id*. at 9-10. Indeed, the government's case turns on convincing the jury that Mr. Bendawald was not engaged in the normal, proactive policing of known and notorious criminals in Caldwell but was carrying out a criminal scheme. This too demands investigation from the defense, as the government is anticipated to use its narrative about Mr. Bendawald's policing practices to shore up the manifest weaknesses in the uncorroborated allegations of the complainants. That would be consistent with its approach before the grand jury, where the majority of witnesses were City of Caldwell police officers and the majority of their testimony was about Mr. Bendawald's policing practices. It is not clear what the government means when it states it will elicit testimony from a "handful" of officers, Resp. at 9, but the government's presentations so far and the allegations in discovery suggest that Mr. Bendawald's entire policing record is going to be at issue in this case and will be heavily contested.

On top of all of that, the government intends to introduce evidence of additional complainants. Just as with the charged Alleged Victims, thorough investigation of these complainants is required to provide a constitutionally adequate defense. The government claimed in its Response that Mr. Bendawald "fail[ed] to relay" that it had provided a list of potential additional complainants after the indictment was returned, *id*. at 4, but that is incorrect. Mr. Bendawald noted exactly this fact in the instant Motion. *See* Mot. at 3, n.2. The issue, as also identified in the instant Motion, is not that the government failed to provide names, but that it is not clear which of the fifteen additional complainants (or others who have not yet been designated) will be noticed and what their allegations will be. As Mr. Bendawald noted in a Response filed on July 24, 2024 (and that still has not been replied to), the government's list "includes a

consensual girlfriend of Mr. Bendawald, women who denied any sexual contact with Mr. Bendawald, and women whose allegations do not appear to amount to a federal crime." Resp. to Gov't Mot. to Quash Third-Party Subpoena at 2 n.1, Dkt. No. 38.

It was therefore not clear from the government's list of complainants which ones would actually be at issue at trial, or what the scope of their allegations are. The government has never provided clarity to this issue, and "elected" to disregard its own deadline for doing so. Not only that, it has sent mixed signals throughout the case as to the scope of its allegations against Mr. Bendawald. As noted, the initial list identified fifteen additional complainants. The government's Motion for Leave to File Oversized Brief in Support of Notice of Intent Pursuant to Federal Rules of Evidence 413 and 404(b), filed on October 1, identified "more than a dozen women." Dkt. No. 53 at 2. Now, on October 15, it is "seven or eight." Resp. at 5. The government therefore admits (at least for now) that half of the complainants it originally identified will not be called, but it is not clear which ones it in fact intends to introduce at trial.

Given this ambiguity, it is not clear why the government, which insists on the present trial date, "elected" to wait beyond the very deadline it set for itself to clarify which allegations it would seek to introduce against Mr. Bendawald. The explanation offered in its Response rings hollow; surely if the government desired to go to trial at the presently set date it would want to strictly adhere to the pretrial schedule it insisted on (and that the defense observed when it filed its pretrial motions on time). Instead, the government signals that it is still not prepared to bring clarity to its case, suggesting that a notice filed at a later date would be different than a notice filed today. Resp. at 4.

Either the government is unsure what its case will be, or it intends to present exactly what the defense anticipates – in its case in chief, or a heavily loaded rebuttal case – a complex matter

that delves into almost two dozen allegations with Mr. Bendawald's entire history of policing practices and his personal life[3] as a backdrop. In a matter that holds a potential life sentence, the defense needs more time.

### B. *Anticipated litigation*

Mr. Bendawald anticipates significant litigation around the government's Rule 413 and 404(b) notices, which would further impact the trial date. Indeed, that was the entire reason the government asked for an early deadline. The government now makes an about-face, arguing that this matter should proceed to trial as set because pre-trial litigation "often . . . arises right before trial and during trial." Resp. at 4. Rule 413 and 404(b) are built differently. Because such evidence is inherently prejudicial, the Federal Rules and General Order 423 require early notice to allow for time to litigate admissibility and investigate the claims because of the heightened danger of undue prejudice to the defendant. And, as acknowledged by the government, this will not be your average 413/404(b) motion. The government now says it will seek through Rule 413 to at least *double* the number of complainants, essentially functioning as a second indictment. Depending on the allegations, Mr. Bendawald intends to call for an evidentiary hearing, and there would likely be insufficient time to litigate the motion or for the defense to investigate the various claims that will surely be made in the motion.

Aside from the notice issues, there is a pending motion to suppress that calls for an evidentiary hearing. There are also outstanding subpoenas that will not be returned in time for meaningful utilization at trial, and lawful public record requests that have gone unanswered due to the government's interference. Both requests seek records directly relevant to the defense of

---

[3] The government has interviewed Mr. Bendawald's prior romantic partners and has disclosed one as an alleged victim with no accompanying interview reports, leaving the defense to guess as to why, and another being disclosed as a witness.

REPLY TO GOVERNMENT'S RESPONSE TO SECOND MOTION TO CONTINUE TRIAL - 6

alleged conduct charged in the indictment and failure to gather and utilize such documents is perhaps definitionally ineffective assistance of counsel.

C. Discovery Production

The defense has submitted four letters to the government requesting discovery materials. The materials have been provided in piecemeal, with the most recent production on August 30, 2024. Based upon repeated assurances from the government and its continuing productions, the defense did not raise these issues at the status conferences because the government has seemingly been producing materials as requested. Although such documents are not as voluminous as those initially provided, that does not mean they are less important. Some of the most recently produced documents have provided vital information that has led to additional investigative work. Similarly, while the produced email is certainly a large portion of the discovery, it is not as irrelevant as the government purports, at least not to the defense, and a portion of the work done in this matter is searching through the voluminous email records to find those that are relevant, and as any writer knows, paring down is the difficult part. Finally, highly relevant documents are still outstanding, as the defense is still waiting on the production of confidential informant files for the complainants, among other records that have turned out to be missing from initial productions.

D. Perceived Prejudice

The government took almost three years to investigate this case before seeking an indictment. Fading memory is a long-foregone concern. The government also audio recorded the complainants' interviews and their primary agent wrote reports on the same. The government has offered rehabilitation services to all complainants, many of whom were addicts that appear to be finding their sobriety, suggesting that their memories may actually be improved over time. In any event, the requested continuance of several months would not likely exacerbate fading memories

where, even with the present trial date, the most recent alleged incident would be almost four years old and the oldest over seven years old. As such, "the ends of justice served by [continuing the trial date] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161 (h)(7)(A).

Neither the government nor the complainants are therefore likely to suffer prejudice from a continuance. As to the government's appeal to the Victims' Rights Act, Resp. at 6, as noted in the Motion to Continue, alleged federal crime victims are entitled only to proceedings free from "unreasonable" delay. 18 U.S.C. § 3771(a)(7). Even with a continuance, the case schedule would still be consistent with the median disposition time for felony cases that go to jury trial within the Ninth Circuit. *See* Mot. at 7. Given the manifest complexity of the government's case against Mr. Bendawald and the government's strategic decisions, a continuance is not unreasonable.

## CONCLUSION

For the reasons set forth above, Mr. Bendawald respectfully requests this Court grant his Motion to Vacate the present trial date and continue the trial. Mr. Bendawald also requests that the Court reset the deadlines for expert disclosures, motions in limine, and any other pretrial deadlines in accordance with the schedule in GO 423. However, given the importance of the pretrial notices under Rules 404, 412, and 413 in this case, Mr. Bendawald requests that the Court set a deadline for these notices well in advance of trial.

DATED this 18th day of October 2024.

NEVIN, BENJAMIN & McKAY LLP

/s/ Debra Groberg
Debra Groberg

REPLY TO GOVERNMENT'S RESPONSE TO SECOND MOTION TO CONTINUE TRIAL - 8

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th day of October 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
United States Attorney's Office
khorwitz@usdoj.gov

                                              /s/ Debra Groberg
                                              Debra Groberg