UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN A. BENDAWALD,<br><br>Defendant. | Case No. 1:23-cr-00281-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Ryan Bendawald's Motion to Continue Trial. Dkt. 59. Because dates associated with the current trial are fast-approaching, the Court expedited briefing on Bendawald's Motion. Dkt. 60. The Government timely responded, objecting to any trial continuance (Dkt. 61) and Bendawald replied. Dkt. 69.

Having reviewed the record and the briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court GRANTS Bendawald's Motion.

## II. BACKGROUND

In this case, Bendawald, a former Sergeant of the Caldwell Police Department

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

("CPD") in Caldwell, Idaho, was indicted by the grand jury on two counts of felony deprivation of rights under color of law, in violation of 18 U.S.C. § 242, one count of misdemeanor deprivation of rights under color of law, in violation of 18 U.S.C. § 242, and four counts of federal program bribery, in violation of 18 U.S.C. § 666. Dkt. 1.

The Government's investigation into the CPD began in December 2020, after two officers complained to the FBI about then-Lieutenant Joey Hoadley and then-Sergeant Ryan Bendawald. As part of that investigation, the FBI interviewed several women who had been arrested, or who had otherwise been contacted by Bendawald in the course of his policing duties.

Several of these women told the FBI that Bendawald had committed sexual misconduct during their encounters. The allegations of seven of these women formed the basis of the instant eight-count indictment. *See generally* Dkt. 1.

Trial was originally scheduled to begin on January 8, 2024. Dkt. 15. However, when Bendawald filed a Motion to Continue the trial for no less than 12-months (Dkt. 24), the Government did not object, and the Court set the current trial date of January 21, 2025.[2] Dkt. 27. All pre-trial motions were due on October 1, 2024. *Id*.

As part of the pre-trial litigation in this case, the Court has conducted various informal (and formal) status conferences with counsel. The purpose of these conferences is to gauge how things were progressing in discovery, coordinate any motion practice, and

---

[2] The Government did not object to a continuance, but there was no specific agreement on timing. Dkt. 24, at 2. The Court held a status conference and coordinated with the parties to set appropriate pre-trial deadlines and the January 25, 2024 trial date.

MEMORANDUM DECISION AND ORDER - 2

address any other matters in a timely fashion. Both parties have been working diligently in this case.

Aside from the present motion to continue trial, the following motions are pending before the Court: Motion to Quash (Dkt. 37), Motion for Jury Questionnaire (Dkt. 40), Motion for Access (Dkt. 42), Motion for Protective Order (Dkt. 48), Motion to Dismiss (Dkt. 54), and Motion to Suppress (Dkt. 56).

At the most recent status conference, both parties indicated a motion to continue may be forthcoming considering the pending motions (and motions then unfiled), but neither committed to which party would bring such motion. Ultimately Bendawald did. Dkt. 59.

### III. DISCUSSION

Bendawald's two primary justifications for a trial continuance are: (1) the voluminous discovery and time-consuming investigation involved in this complex case, and (2) the pending motions (and forthcoming motions).

The Government does not see this case as overly complex and disagrees that the discovery is so voluminous as to warrant a continuance. It avers it has turned over discovery at a rapid pace and that all the discovery is "easily searchable and organizable." Dkt. 61, at 4. And while the Government contends that pre-trial motions are part and parcel to trial preparations and do not warrant a continuance, it also recognizes that there is a lot of motion practice presently before the Court and that such practice will only continue.

The Government's arguments are reasonable. The Court already granted an extensive continuance and both Bendawald and the Government have a vested interest in

MEMORANDUM DECISION AND ORDER - 3

the timely resolution of the matter. That said, it is Bendawald's second concern—motion practice—that the Court finds most persuasive.

As noted, there are three inter-related motions regarding subpoenas ripe for adjudication. Dkts. 37, 42, 48. And while the Court hopes to issue a decision soon on those matters, that does not mean the issue is over. Depending on how the Court rules, the parties will have work before them. Additionally, the parties wish to send out a jury questionnaire in this case. If the Court grants that motion, it will take time to accomplish that task.

Bendawald has also filed a Motion to Suppress and a Motion to Dismiss five counts of the Indictment. Briefing on those two substantive motions will not conclude until the end of this month. A hearing may be necessary on both motions. Thus, while some motions are ripe, and others will be ripe by the end of this month, some motions have not yet even been filed.

Finally, the Government has indicated it plans on filing a notice of intent to offer evidence pursuant to Federal Rules of Evidence 413 and 404(b). And it has already secured the Court's permission to file an overlength brief (35 pages) in support of this request. Dkts. 53, 58. That motion may require a hearing as well.

The Court would like this case to move forward in an efficient and timely manner. It also desires a just result for Bendawald, the Government, and any victims. But the best way to achieve that result in to adjudicate each pending (and forthcoming motion) before moving forward. This does not mean the Court will not set a firm trial date at this time. It will. But the Court's point is each pending (and forthcoming motion) is critical to the case and the outcome of each will shape how the case moves forward. The parties have been

MEMORANDUM DECISION AND ORDER - 4

diligent thus far. This continuance was not sought for dilatory purposes and does not reflect negatively on either side. As noted, both are working diligently, and both are serving their clients well. The result today is simply the reality associated with a more detailed case and many of pending motions/decisions that must be made in preparation for trial.

## IV. CONCLUSION

Under the circumstances, the Court finds a continuance is needed to adequately adjudicate each of the pre-trial motions in this case. *See* 18 U.S.C. § 3161(h)(1)(D). The Government's objection is noted but overruled. The interest of justice in allowing for effective preparation and organization outweighs the public's interest in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).[3] The Court finds that the period between the present trial date and the new trial date is excludable time under the Speedy Trial Act.

## V. ORDER

**IT IS HEREBY ORDERED**:

1. The Motion to Continue Trial (Dkt. 59) is **GRANTED**, and the present trial date is VACATED. A new trial will be set for four weeks starting **September 2, 2025, at 1:30 p.m.** in the U.S. Courthouse in Boise, Idaho.

2. The period of time between the filing of the Motion to Continue (Dkt. 59) and the new trial date is deemed EXCLUDABLE TIME under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D) and (7)(A) & (B).

3. The current trial readiness conference is VACATED. A new trial readiness

---

[3] While Bendawald is the party who has requested a continuance, his interest in a speedy trial is also outweighed by the need to allow for effective preparation and organization.

MEMORANDUM DECISION AND ORDER - 5

conference will be conducted by telephone on **August 19, 2025 at 4:00 p.m. (MST)**.

4. All pretrial motions and deadlines shall be in accordance with GO 423 *except* for any notices under Rules 404, 412, and 413 which shall be filed on or before **January 31, 2025**.

DATED: October 25, 2024

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6