UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN A. BENDAWALD,<br><br>Defendant. | Case No. 1:23-cr-00281-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Ryan A. Bendawald's Motion to Dismiss Counts Two, Four, Five, Six, and Seven of the Indictment. Dkt. 54. The Government opposes the Motion. Dkt. 72.

The Court held oral argument on April 23, 2025, and took the matter under advisement. Upon review, and for the reasons set forth below, the Court DENIES Bendawald's Motion.

## II. BACKGROUND

Bendawald is a former Sergeant of the Caldwell Police Department ("CPD") in Caldwell, Idaho. The Government's investigation into the CPD began in December 2020, after two officers complained to the FBI about then-Lieutenant Joey Hoadley and then-Sergeant Bendawald. As part of that investigation, the FBI interviewed several women who had been arrested or otherwise contacted by Bendawald during his policing duties. Several of those women told the FBI that Bendawald had committed sexual misconduct during

their encounters. To wit, some of these women alleged that Bendawald promised he would not investigate, prosecute, or bring criminal charges against them if they relented to his advances.

On October 11, 2023, a federal grand jury indicted Bendawald on two counts of felony deprivation of rights under color of law, one count of misdemeanor deprivation of rights under color of law, and five counts of federal program bribery. Dkt. 4.

Bendawald seeks to dismiss the five bribery counts today.

### III. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3)(B), a defendant may challenge the sufficiency of an indictment. Indictments "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient if it: (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend"; and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

The Ninth Circuit has held that an indictment setting forth the elements of the offense is generally sufficient. *United States v. Fernandez*, 388 F.3d 1199, 1219 (9th Cir. 2004) ("In the Ninth Circuit, the use of a bare bones information—that is one employing the statutory language alone—is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished.") (cleaned up). An indictment need only set forth the essential facts necessary to inform the defendant of what crime he is charged; it need not explain all factual evidence

to be proved at trial. *United States v. Blinder,* 10 F.3d 1468 (9th Cir. 1993).

"[A]n indictment 'should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied.'" *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007) (quoting *United States v. King*, 200 F.3d 1207, 1217 (9th Cir. 1999)). In cases when an indictment "'tracks the words of the statute charging the offense,' the indictment will be held sufficient 'so long as the words unambiguously set forth all elements necessary to constitute the offense.'" *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (quoting *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir. 1989)). In reviewing a motion to dismiss an indictment under Rule 12(b)(3)(B), a court must accept the facts alleged in the indictment as true. *United States v. Boren,* 278 F.3d 911, 914 (9th Cir. 2002); *Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954).

### IV. DISCUSSION

Bendawald argues the Court must dismiss the bribery counts from his Indictment because the Government failed to state an essential element of the offense: the value of the bribe. A threshold question, however, is just how far the Court can go today. Thus, before reaching the merits, the Court will discuss the metes and bounds of its jurisdiction over Bendawald's Motion at this stage of the proceedings.

#### A. Procedural Posture

As both sides note, the Court is "bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). Accordingly, "on a motion to dismiss an indictment for failure to state an offense, the court *must* accept the truth of the

MEMORANDUM DECISION AND ORDER - 3

allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id*. (emphasis added).

The Government has alleged in the Indictment that the value of Bendawald's alleged bribes was greater than $5,000. This is all that is required. *See* 18 U.S.C. § 666(a)(1)(B). But the Government actually went further and outlined *how* it calculated the $5,000 bribery amount by listing the prospective criminal charges and their associated fines (each totaling more than $5,000). *See generally* Dkt. 4, at 2–5.

Bendawald does not dispute this information is contained within the Indictment. But he alleges the methodology the Government used to calculate the value of the bribe is wrong and, therefore, the charges themselves are missing an essential element and cannot withstand scrutiny.

Courts have generally recognized that the value of any bribe under § 666 can "only be determined at trial." *See, e.g., United States v. Chambers*, 2018 WL 1726239, at *2 (S.D.N.Y. Apr. 9, 2018).[1] And this makes good sense. It is a factual question whether: 1) a bribe occurred, and 2) if a bribe did occur, whether it was worth $5,000. Those questions are within a jury's purview.

That said, Courts have also reviewed federal bribery allegations in an indictment to assess whether the Government's methodology was acceptable. *See, e.g., United States v. McCormack*, 31 F. Supp. 2d 176, 180 (D. Mass. 1998) (explaining a court should not

---

[1] As both sides readily admit, there is limited caselaw on this exact subject from within the Ninth Circuit. Thus, counsel (and the Court) had to scour cases nationwide to discover whether any existed which address the issues raised here.

MEMORANDUM DECISION AND ORDER - 4

typically look past the language of the statute and the indictment, but noting there may be "threshold issues"—usually legal in nature—that can be addressed by the court in a motion to dismiss).[2] *See also United States v. Apple*, 927 F. Supp. 1119, 1121 (N.D. Ind. 1996) (noting defendant's motion to dismiss would likely require the Government to "produce more detailed facts and evidence than it must at this stage, as the arguments seem to lie in the borderland between a face-of-the-indictment attack and a mini-trial. In any event, because the parties have willingly addressed the arguments, to the extent that is proper and possible the Court will do the same").

The Court has surveyed the numerous cases both parties have submitted in support of their positions regarding how far the Court can go down this path and summarizes its findings as follows. First, the Court should not require the Government to prove its case at this stage. Second, the Court should also ensure the Government's case is facially cognizable.

The Government strongly encourages the Court to end its inquiry here and simply find the Indictment is sufficient. The Court understands and supports this proposition. The Government has outlined the statutory requirements of § 666 and the Court "must" accept those allegations as facially valid. *Boren*, 278 F.3d at 914. *See also Hamling v. United States,* 418 U.S. 87, 117 (1974) (explaining an indictment is sufficient if it: (1) contains the elements of the offense charged, (2) fairly informs the defendant of the charges against

---

[2] Notably, the *McCormack* Court determined the facts in that case were not in dispute and, as a result, it could resolve the parties disagreement because it was solely legal in nature. 31 F. Supp. 2d at 180. In contrast, the facts of this case are hotly disputed.

MEMORANDUM DECISION AND ORDER - 5

him, and (3) enables him to plead an acquittal or conviction to bar future prosecutions for the same offense).

That said, the Court will wade ever so slightly into the merits of the Parties' arguments because part of the reason the Court finds the allegations in the Indictment do not require dismissal is *because* the Government's methodology is not strictly forbidden.

In this manner, though the Court is not requiring the Government to prove its case at this juncture, it also ensures the integrity of the Indictment.

### B. Merits

The federal bribery program statute was enacted to protect federal funds and ensure the integrity of public officials. The statute defines the offense as:

> (a) Whoever, if the circumstance described in subsection (b) of this section exists—
>
> (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof—
>
> ….
>
> (B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more[.]

18 U.S.C. § 666(a)).

The Ninth Circuit has condensed the statute into two elements: (1) the defendant was an agent of a government agency receiving $10,000 or more in federal funding within a one-year period; and (2) the defendant corruptly solicited or accepted a bribe relating to any business or transaction involving $5,000 or more. *See United States v. Simas*, 937 F.2d

459, 463 (9th Cir. 1991).

Both sides agree that Bendawald was an agent of a government agency—CPD—and that CPD received at least $10,000 in federal funding. And while Bendawald hints at the idea that there might not be a true "federal" connection here,[3] he recognizes the Government does not have to "trace" specific federal funds to specific conduct. Dkt. 54-1, at 6. This issue has been addressed by the United States Supreme Court and does not require further analysis. *See Salinas v. United States*, 522 U.S. 52, 57 (1997) (explaining the "broad definition[s]" used in the statute and discouraging any "narrowing construction" of federal funds). The first element of § 666 is, therefore, met in this case because CPD receives federal funds, Bendawald was employed by CPD, and the Government alleges he used his position within CPD to solicit something of value from another person in exchange for something else of value.

Both sides also agree that in cases where cash or cash equivalents are at issue, the question of whether $5,000 is at stake is relatively straightforward. The more difficult situation involves circumstances where, as here, the bribe given, and the benefit received, are both intangible and not subject to firm valuations. Even then, the Court feels it can summarily move past this step—which has caused strife in many other cases—because the

---

[3] Bendawald seems more concerned that, with its attenuated and speculative valuation method, the Government is trying to turn § 666 into a "general anti-corruption statute." Dkt. 54-1, at 2, 7, 10, 13. He suggests if the Government's position is upheld, the statute could be weaponized against anyone and everyone and that the real purpose of the statute was to protect federal funds, not target corruption. The Court disagrees. To be sure, the statute endeavors to protect federal funds, but not by recouping money. Rather, "Congress wanted to protect federal funds by preserving the integrity of the entities that receive the federal funds rather than tracing the illegal transaction to particular federal funds." *United States v. Cabrera*, 328 F.3d 506, 509 (9th Cir. 2003) (cleaned up).

MEMORANDUM DECISION AND ORDER - 7

Parties seem to agree there is no one-size-fits-all approach to valuing intangible benefits.

The sole dispute then regards the *methodology* of the Government's valuation: potential fines in criminal cases.

The Government argues this is a straightforward method for calculating Bendawald's bribes. It explains that it simply looked at the potential criminal fines each victim could have faced—but avoided due to the sexual bribe Bendawald solicited—and concluded the financial requirement was met (because each of the crimes carried a potential fine of up to $5,000 or more).

Bendawald disagrees, alleging the Government's chosen method is too speculative because it relies on the unanswered question of what an arrestee *might* receive *if* they are charged with a *potential* crime.

The Government does not seem to mind the speculative nature of its valuation. In the opening paragraph of its brief, it flatly states it based its calculation on the "financial penalties each victim *could* face *if* [Bendawald] had pursued criminal charges against them." Dkt. 72, at 2 (emphasis added). But even if those charges (and fines) are not firmly nailed down, the Government argues that Bendawald and the victims were engaging in a quid-pro-quo activity that had value. Again, at this stage the Court will not go further into the facts of *how* the Government intends to prove the $5,000 amount and whether those facts are, or are not, sufficient. But it will say that the use of a fine would be an acceptable method to establish the $5,000 statutory minimum was met.

Section 666 does not speak to a transaction's "potential" or "possible" value. It simply states the bribe must involve "any thing of value of $5,000 or more." 18 U.S.C. §

MEMORANDUM DECISION AND ORDER - 8

666(a)(1)(B).[4] Bendawald would have the Government pin down the exact value through a specific lens. And for good reason. People value intangible benefits differently. Thus, a rule that has subjective bounds could be applied differently. And that seems unfair. Bendawald's point is well taken.

But other courts—not binding on this Court—have used fines as a valuation method before. *See United States v. Apple*, 927 F. Supp. 1119, 1126 (N.D. Ind. 1996).[5] And more generally, Courts have found that avoidance of criminal prosecution has significant value which the Government can prove in whatever way they choose. *See United States v. Marlinga*, 2006 WL 2086027, at *7 (E.D. Mich. July 25, 2006). One of those ways could be the avoidance of a fine. Simply put, as the Court already outlined, there is no singular way to calculate a bribe's amount in these types of cases. While some methods are much more straightforward than others, the Court cannot find any case suggesting *this* method is impermissible. *See, e.g., United States v. Delgado*, 984 F.3d 435, 448 (5th Cir. 2021) (surveying the different ways circuit courts have addressed the issue and concluding "multiple valuations methods" can be used when calculating a § 666 bribe and so long as there is "sufficient evidence" to support the methodology, it is acceptable).

---

[4] The phrase "any thing of value" in Section 666 includes "intangibles, such as freedom from jail." *United States v. Townsend,* 630 F.3d 1003, 1011 (11th Cir. 2011); *see also United States v. Ryans,* 709 F. App'x 611, 618 (11th Cir. 2017) (interpreting the phrase "any thing of value" under 18 U.S.C. § 666(a)(2), the companion to § 666(a)(1)(B), as including freedom from jail. The problem here is that two intangibles are at issue: the value of not being arrested and the value of the sex act performed. The Government has chosen to reduce the ambiguity to a certain degree by using the fixed amount of the potential fine as the basis for proving the threshold amount of $5,000 is met.

[5] Bendawald takes issue with the Government's reliance on this case because that court did not explicitly find that a fine could qualify as the valuation method; it just appears all involved *assumed* using a fine was acceptable. The Court understands Bendawald's point. But presumably, the *Apple* court would have explained, but did not, at the outset if it had a problem with fines being used.

MEMORANDUM DECISION AND ORDER - 9

The primary case the Government relies on for its usage of fines as a benchmark is *United States v. Collare*, 2020 WL 3402401, at *3 (M.D. Pa. June 19, 2020). In *Collare*, a former police officer moved to dismiss a § 666 count on the grounds that the indictment failed to adequately allege the $5,000 threshold element because it relied on the maximum fine penalty associated with a criminal charge. While that court originally granted the motion to dismiss, it then reconsidered and reinstated the charge. Although that court's reasoning for reversing its prior decision was based more on circuit precedent than the facts of the case at hand, it is true that a fine was used to approximate the value of the bribe. This helps the Government. Still, in *Collare*, unlike here, a specific crime had been charged at the time of the bribe and the fine was accordingly known. By contrast, Bendawald's victims were not charged with specific crimes, so the potential fines are unknown.

The caselaw on this issue is, frankly, all over the map. And, to the best of the Court's research, neither the Ninth Circuit itself nor any district court within the Ninth Circuit has definitively spoken on this issue. Without delving into a complicated review and analysis of the non-binding cases across the country that address differing valuation methods, the Court finds, based upon its review, the valuation question in § 666 cases is not as exacting as Bendawald would like and there are many ways to reach the $5,000 threshold. *See, e.g., Apple*, 927 F. Supp. at 1126 (discussing cases in the *Seventh Circuit* and why extreme positions—focusing solely on the exact amount of funds *or* focusing solely on the corruption—should not be used when trying to determine if the "thing" at issue has value).

Based upon these general principles, the Court finds a criminal fine can satisfy the "amount" requirement of § 666. *See also United States v. Hardin*, 874 F.3d 672, 676 (10th

MEMORANDUM DECISION AND ORDER - 10

Cir. 2017) (reviewing cases and holding there are "various valuation methods that may be applied" when determining the value or appraisal of the transaction or business at issue in § 666 cases); *United States v. Marmolejo*, 89 F.3d 1185, 1191 (5th Cir. 1996) (explaining that "[t]he term '*anything* of value' in § 666(a)(1)(B) is broad in scope . . .").

### C. Due Process

As a final argument, Bendawald contends § 666 is void for vagueness as applied to him considering the Government's speculative approach to valuation in the Indictment. Having concluded that the Government's method, while speculative, is not forbidden, the Court must also conclude the statute does not violate Bendawald's Due Process rights for vagueness.

Bendawald does not cite any cases to support the proposition that § 666 is void for vagueness on its face, as applied in this case, or as applied in any other case. He claims this is so because he is the first person to challenge the statute in this manner. Be that as it may, the Court is hesitant to indulge this challenge when the Ninth Circuit has outlined that a "[s]tatute is void for vagueness when it does not sufficiently identify the conduct that is prohibited." *United States v. Wunsch*, 84 F.3d 1110, 1119 (9th Cir. 1996). Here, the statute prescribes precisely what conduct is prohibited: accepting bribes of a certain value. While that value can be assessed using a variety of methods, such does not undermine the general tenor of the statute. Furthermore, a statute must be sufficiently clear so that it does not cause people of "common intelligence . . . necessarily [to] guess at its meaning and [to] differ as to its application." *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926). To be sure, as is the case here—and in other cases across the county—reasonable minds can differ

on the best way to value intangible benefits or bribes. But this does not render the statute itself vague. The Court is not persuaded by this argument and cannot find, on the current record, that § 666 is void for vagueness or that it unconstitutionally denies Bendawald his Due Process Rights.

## V. CONCLUSION

Bendawald has presented an interesting question today. The unique facts of this case make what would normally be a relatively straightforward question about valuation much more complicated. The Court is hesitant to fully embrace the Government's argument because of the uncertainty surrounding the timing of the potential prosecution of Bendwald's victims and the uncertainty of any attending fine and what the bribe was "worth." Those uncertainties, however, will rise or fall at trial as a *factual* matter. But as far as the legal basis is concerned, the Court recognizes multiple valuation methods have been utilized in these types of cases and finds the Government's method of valuation is appropriate.[6]

The Court's duty at this stage is not to weigh the evidence, but to confirm whether the Government has alleged the *legal* elements of the offense in the Indictment. It has done so here. And the methodology it has utilized is not strictly banned.

To reiterate, whether the Government can prove its case at trial is a different matter

---

[6] Bendawald could not point to any case in which a court had strictly forbidden the use of a criminal fine to satisfy the monetary requirement of § 666. And more broadly, there are limited cases where the valuation method the Government chose—whatever it chose—was deemed incompatible with the statute unless it was blatantly wrong. *See, e.g., United States v. Vona*, 842 F. Supp. 1534, 1536 (W.D.N.Y. 1994) (dismissing a § 666 charge because the value of the bribe was known—$3,718.25—and was, thus, less than the statutory threshold).

entirely. The Government will have to present evidence and testimony that the value of the alleged bribe to each victim was equal to, or greater than, $5,000. Bendawald can challenge that concept with evidence and testimony of his own. Then the jury will have to decide, as a factual matter, whether the statutory minimum has been met.

In sum, the Court simply finds the bribery counts alleged in the Indictment do not need to be dismissed at this time because the Government has not alleged the monetary requirement using an impermissible valuation method.

## VI. ORDER

1. Bendawald's Motion to Dismiss Indictment (Dkt. 54) is DENIED.

DATED: April 30, 2025

David C. Nye
Chief U.S. District Court Judge