Debra Groberg (ISB#9797)
Nathan Pittman (ISB#9430)
NEVIN, BENJAMIN & McKAY LLP
303 West Bannock
P.O. Box 2772
Boise, Idaho 83701
Telephone: (208) 343-1000
Facsimile: (208) 345-8274
dgroberg@nbmlaw.com
npittman@nbmlaw.com

*Attorneys for Defendant Ryan Bendawald*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:23-CR-281-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S MOTION IN LIMINE** |
| | ) | **TO EXCLUDE EVIDENCE OF** |
| RYAN A. BENDAWALD, | ) | **UNNOTICED CRIMES, WRONGS, OR** |
| | ) | **ACTS UNDER RULES 404(b) AND 413** |
| Defendant. | ) | |
| _____ | ) | |

Defendant Ryan Bendawald is charged with five counts of federal program bribery, in violation of 18 U.S.C. § 666(a)(1)(B), and three counts of deprivation of rights under color of law, in violation of 18 U.S.C. § 242. On October 25, 2024, the Court entered an order requiring the government to file "any notices" under Rules 404 and 413 on or before January 31, 2025. *See* Dkt. No. 74. The government filed a Rule 413/404(b) notice on that date, and briefing was completed on February 28, 2025. *See* Dkt. Nos. 80, 82, 89. Mr. Bendawald now moves the Court for an order excluding any evidence of other crimes, wrongs, or acts, or other sexual assaults, that were not noticed (but reasonably could have been noticed) by the Court's January 31, 2025, deadline.

I.    **Procedural background.**

The government's Rule 413/404(b) notice filed on January 31, 2025 provided notice to Mr. Bendawald that it intended to introduce evidence at trial of allegations made against him by other women he allegedly encountered in the course of his duties as an officer with the Caldwell Police Department.  *See* Dkt. No. 80.  The government clarified in its Reply that it only intended for the Court to make a pretrial ruling on two allegations made by two other women that are not the basis of charges in the indictment and two additional allegations from two of the alleged victims in the indictment.  *See* Dkt. No. 89 at 1.  As to the other women, the government noticed their allegations "out of an abundance of caution to ensure compliance with the rules," presumably because it has not yet determined whether it will actually seek to introduce this evidence during its case-in-chief.  *Id*. at 15.

The government's notice did not include any "other acts" it intends to elicit at trial other than allegations of sexual misconduct not identified in the indictment.  Yet the government's filings to date suggest it intends to introduce additional "other acts" evidence that was not included in its January 31 notice.  For instance, in its Response to Defendant's Motion to Suppress, the government included a section devoted to Mr. Bendawald's policing practices.  *See* Dkt. No. 63 at 9-10.  The government generally asserted that Mr. Bendawald "regularly" stopped suspects "alone and without communicating with dispatch," and "disabled the GPS tracking unit on his police vehicle[.]"  *Id*. at 9.  The government further alleged Mr. Bendawald failed to use his body-worn camera in accordance with policy and otherwise did not document his police work.  *Id*.  The government also referred to allegations Mr. Bendawald "fabricated probable cause," testified falsely, and improperly policed outside of his jurisdiction.  *Id*. at 10.  The government repeated these general themes in the background section of its Rule 413/404(b) notice, but did not allege or

notice its intent to introduce evidence of any specific instances of this alleged conduct.  *See* Dkt. No. 80 at 3.  Mr. Bendawald now brings this motion in limine, well in advance of the deadline for filing such motions so that the issue can be resolved well ahead of trial, to exclude "other acts" or sexual assault evidence that the government did not notice by the Court's January 31 deadline.

## ARGUMENT

Federal Rule of Evidence 404(b) requires that in a criminal case the prosecutor must provide notice to the defense of "any other crime, wrong, or act" that they "intend[] to offer at trial," and must "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(1), (b)(3)(A)-(B).  Thus, at the very least, Rule 404(b) requires that the government's notice "include an identification of the particular act and a general description of the evidence which would be used to prove the act."  *United States v. Martinez*, No. S-08-0562, 2010 WL 11515678, at *1 n.1 (E.D. Cal. Sept. 15, 2010).  The rule also does not distinguish between the government's case-in-chief and any evidence it intends to introduce in rebuttal, stating that the government must provide notice of "any" other act evidence it "intends to offer at trial." Fed. R. Evid. 404(b)(3)(A).  "Failure to provide notice . . . renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment," or "for *possible* rebuttal." *United States v. Vega*, 188 F.3d 1150, 1153, 1154 (9th Cir. 1999) (emphasis in original).  Likewise, Rule 413(b) requires that the prosecutor disclose "evidence that the defendant committed any other sexual assault," to include the "witnesses' statements or a summary of the expected testimony."

As noted, the Court set January 31, 2025 as the deadline for "any" Rule 404(b) and Rule 413 notices.  *See* Dkt. No. 74.  The government was thus required to notice any and all other acts evidence it intended to use at any phase of the trial by that date.  The government cannot escape

that requirement by claiming that the other acts were in fact intrinsic to the offenses charged; or, rather, it does so at its peril: "the government cannot take the position . . . that it may, without giving the required Rule 404(b) notice to defendants, reserve the right to introduce the prior acts as Rule 404(b) evidence, if it later turns out at trial that the evidence cannot directly be admitted as part of the case to be proved." *Martinez*, 2010 WL 11515678, at *1. Indeed, the government took the cautious approach of filing a 413/404(b) notice with respect to the allegations made by the other women whose allegations were not included in the indictment. *See* Dkt. No. 89 at 15.

The government should therefore be excluded from introducing at trial any evidence of other acts within the meaning of Rule 404(b) that were not noticed by January 31, 2025, as well as any evidence of other alleged sexual assaults that were known to the government at the time. *See Vega*, 188 F.3d at 1155 (holding the government was not entitled to introduce "other act" evidence "because it did not comply with the notice requirements of Rule 404(b)"); *cf. United States v. Garcia*, 730 F. Supp. 2d 1159, 1164-69 (C.D. Cal. 2010) (discussing Ninth Circuit authority for district courts to sanction the government for failing to comply with a specific discovery order). In particular, the government's filings in this matter and the records of interviews and grand jury testimony produced in discovery indicate that the government intends to use specific evidence of Mr. Bendawald's alleged policing practices against him at trial, none of which appears to be "intrinsic" to any charged offense. Aside from this evidence, Mr. Bendawald cannot know the full scope of "other act" evidence the government intends to admit at trial, and therefore requests that the Court exclude unnoticed "other act" evidence generally. The government has failed to timely disclose the specific other acts it intends to introduce or to articulate the permitted purpose of that evidence, as required by Rule 404(b)(3). The time for doing so set by the Court has passed, and any such evidence should therefore be excluded.

## CONCLUSION

For the foregoing reasons, Mr. Bendawald respectfully requests that the Court enter an order excluding all evidence of other crimes, wrongs, acts, or sexual assaults within the meaning of Rules 404(b) and 413 that were not noticed by the Court's January 31, 2025 deadline.

DATED this 8th day of May, 2025.

NEVIN, BENJAMIN & McKAY LLP


 /s/ Debra Groberg
Debra Groberg

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
United States Attorney's Office
khorwitz@usdoj.gov

/s/ Debra Groberg
Debra Groberg