JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANT UNITED STATES ATTORNEY
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN A. BENDAWALD,<br><br>Defendant. | Case No. 1:23-cr-00281-DCN<br><br>**GOVERNMENT'S RESPONSE TO MOTION IN LIMINE TO EXCLUDE UNNOTICED RULE 404(B) EVIDENCE** |

In his latest motion, Defendant Ryan Bendawald asks this Court to exclude all "other acts" evidence "generally," alleging that the Government failed to properly provide notice under Federal Rules of Evidence 404(b) and 413. This sweeping request fails for two fundamental reasons. First, the Defendant has not carried his burden as the movant to sufficiently identify the evidence he seeks to exclude from trial and the basis of such exclusion. Thus, his blanket request leaves both the Government and the Court guessing as to what evidence he seeks to exclude. Second, the admissibility of evidence will depend upon how the trial evidence unfolds. Even if the Court could venture a guess as to what specific evidence the Defendant now seeks to exclude, the Rules of Evidence may well allow for its admission at trial depending upon the context in which it is offered.

1

Until then, the Court lacks the prophetic power to anticipate its admissibility. Accordingly, this Court should deny the motion without prejudice.

**Argument**

The Defendant appears to seek exclusion of two broad categories of evidence: (1) his policing practices; and (2) instances of his untruthfulness in affidavits and testimony submitted to the court. The Court should deny his motion without prejudice because he has not sufficiently articulated the evidence he seeks to exclude, and the admissibility of this unspecified evidence will turn on how the trial evidence unfolds. Accordingly, the Court should decline the Defendant's invitation to exclude in limine these two broad categories of evidence. Each category is discussed in turn.

### 1. Direct Evidence of the Charged Crimes is Admissible.

Direct evidence of the crimes charged does not fall within the purview of "other" acts governed by Rule 404(b). The methods of the Defendant's policing practices are intrinsic evidence of the crimes charged. Thus, they are admissible as direct, relevant evidence, rather than the narrower "other bad acts" admission under Rule 404(b). *See, e.g.*, *United States v. Flores*, 802 F.3d 1028, 1046–47 (9th Cir. 2015) (Rule 404(b) does not apply if evidence can be construed as referring to the charged crime rather than to some other crime); *United States v. Orozco*, 764 F.3d 997, 1000–01 (9th Cir. 2014) (advising Defendant of right to consult consulate does not imply he was in the country illegally, only that he was a foreign national; hence, Rule 404(b) does not apply); *United States v. Allen*, 341 F.3d 870, 885 (9th Cir. 2003) (evidence that Defendants had neo-Nazi tattoos and paraphernalia relevant to racial bias in civil rights action); *United States v. Sanchez-Robles*, 927 F.2d 1070, 1078 (9th Cir. 1991) (Rule does not apply to border crossings that do not show wrongs or acts probative of character).

The Defendant nevertheless claims that the Government must notice as "other bad acts" his general policing practices—namely, his practice of disabling his GPS feature on his patrol vehicle, conducting traffic stops alone (without radioing into dispatch), policing outside of his jurisdiction as a Caldwell Police Department officer, as well as his failure to use body-worn camera or to document his police work. Motion, ECF 113, at 2. Not so.

This evidence falls outside of the Rule 404(b) requirements because it is intrinsic evidence of the charged crimes and, thus, not extrinsic. The evidence presented at trial will demonstrate that the Defendant employed these tactics during the charged events to avoid detection by his fellow officers. Accordingly, it is not other act evidence as Rule 404(b) envisions. In bribery and civil rights violations cases, courts have recognized that policing activity surrounding those alleged violations was intrinsic evidence of the crimes charged, not "other" act evidence subject to Rule 404(b). *See, e.g.*, *United States v. Underwood*, 95 F.4th 877, 891–92 (4th Cir. 2024) (holding that conducting surveillance of local prominent people in dispute with the Defendant, selectively ordering arrest of people, ordering people to conduct traffic violations based on association with public officials, and directing another law enforcement officer to drop charges was intrinsic evidence of crimes charged).

In his argument to the contrary, the Defendant fails to sufficiently articulate the evidence he seeks to have the Court exclude or the basis for such exclusion. In a one-sentence analysis, he broadly concludes that his "policing practices" are not intrinsic and, therefore, must be admissible only through operation of Rule 404(b). *See* Motion, ECF 113, at 4 ("In particular, the government's filings in this matter and the records of interviews and grand jury testimony produced in discovery indicate that the government intends to use *specific evidence* of Mr. Bendawald's alleged policing practices against him at trial, none of

which appears to 'intrinsic' to any charged offense." (emphasis added)). This broad

reference to "specific evidence" fails to sufficiently identify the evidence the Defendant now

seeks to exclude; as the movant, the Defendant must do more to satisfy his burden of

establishing that evidence should be excluded at trial. *See, e.g.*, *United States v. Hayat*, 710

F.3d 875, 893–94 (9th Cir. 2013) (discussing a party's obligation to inform the district court

of "grounds for the objection" and the "substance of the evidence" under Rule of Evidence

103 and Federal Rule of Criminal Procedure 51(b)). Without such specificity, the

Government and the Court are left guessing what evidence the Defendant seeks to exclude.

### 2.  The Court Should Decline Defendant's Invitation to Predict Trial Evidence and Rule in Limine on its Admissibility.

Next the Defendant asserts that the Government cannot elicit testimony—either

through direct or cross examination—related to the Defendant's fabrication of probable

cause and false testimony while under oath. Motion, ECF 113, at 2. The Rules of Evidence

governing the admissibility of evidence (including character evidence) fall well beyond those

limited purposes articulated in Rule 404(b). *See United States v. Abel*, 469 U.S. 45, 56 (1984)

("[T]here is no rule of evidence which provides that testimony admissible for one purpose

ad inadmissible for another purpose s thereby rendered inadmissible; quite the contrary is

the case.").

In his over-simplified (and incorrect) approach, the Defendant attempts to limit the

Government to only admitting evidence by operation of Rule 404(b). In so doing, he wholly

ignores the host of other rules governing the admission of evidence, including character

evidence, such as Rules 404(a), 405, 406, and 608. As the commentary to these rules make

clear: "[T]he accused cannot attack the alleged victim's character and yet remain shielded

from the disclosure of equally relevant evidence concerning the same character trait of the

4

accused." Fed. R. Evid. 404(a)(1), 2000 Amend. Comment. Defendant's interpretation would render almost every fact relevant to him and the charged offense an "other act" that must be noticed and limited in its admissibility to the purposes articulated in Rule 404(b). This is simply not correct. Each Rule of Evidence operates on its accord.

Moreover, as this Court well knows, a Defendant who takes the stand in his own defense opens himself to a litany of expansive topics during cross examination. *See Brown v. United States*, 356 U.S. 148, 155–56 (1958) (recognizing that a defendant who voluntarily takes the stand in his defense "after weighing the advantage of the privilege against self-incrimination" is no longer "freed from the antiseptic test of the adversary process"; to hold otherwise would "mutilate the truth"); *see also, e.g.*, *Doe v. Ayers*, 782 F.3d 425, 434 (9th Cir. 2015) (citing Fed. R. Evid. 405(a)) ("Impeachment of character witnesses with questions about prior bad acts of the Defendant, even if unproven, is common practice.").

For example, a Defendant's partial, misleading use of otherwise-inadmissible evidence can open the door to rebuttal by use of such evidence. "The opening the door" principle allows parties to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission, including a Defendant's character for truthfulness and lawfulness. *See* Fed. R. Evid. 404(a)(2)(A), 405(a); *see also United States v. Mendoza-Prado*, 314 F.3d 1099, 1105 (9th Cir. 2002). And, of course, the Government may use specific incidences to cross examine defense character witnesses, including past wrongful acts. *See United States v. Reid*, 634 F.2d 469, 473 (9th Cir. 1980).

More fundamentally, however, the Defendant's present request under Rule 404(b) fails for two additional reasons. As with the "policing practices" evidence, he does not satisfy his burden of specifying the evidence he seeks to have excluded and the basis for

exclusion. Instead, he cites broadly to incidents where he "fabricated probable cause." *See* Motion, ECF 113, at 2. He must do more to adequately provide both the Government and the Court sufficient context to respond.

Second, even if he had specified the evidence he now seeks to exclude, his motion asks this Court to do the impossible: predict exactly how the evidence will unfold during trial and render a ruling on the admissibility evidence not yet before the Court. Neither the Government nor the Court has sufficient prophetic powers to fulfill the Defendant's demand. More to the point, no rule requires it. The Court should therefore wait to rule on the admission of trial evidence until a party moves to exclude or admit it, either through a motion in limine regarding specific evidence or during trial. Then, the Court will have sufficient context—both factually and legally—to render a ruling on the matter.

### 3. Defendant's Request for Sanctions Should be Denied.

Finally, the Defendant's requested relief—exclusion of all evidence—would be a harsh, unjustified sanction. *See* Motion, ECF 113, at 4. The Government has in good faith attempted to properly discharge its notice requirements under Rules 404(b) and 413. *See* Notices, ECF 80. Nevertheless, should the Court agree with the Defendant's expansive (and unprecedented in this district) approach to Rule 404(b), the Government respectfully requests leave to file an amended Rule 404(b) notice within 10 days of the Court's order on the meaning of "other acts." When, as here, there is ample time between notice and trial, there is no prejudice to the Defendant. Thus, the harsh sanction of exclusion is unjust.

**Conclusion**

Based on the above, the Government agrees with the Defendant that the Rules of

Evidence must be followed in this trial, including Rule 404(b). As outlined herein, however,

the Defendant fails to satisfy his burden of articulating with specificity the evidence sought

to be excluded and the basis for such exclusion. Given this failure, the Court should decline

the Defendant's invitation to anticipate what evidence the Government may offer and how

that evidence may be relevant as the trial unfolds. Accordingly, the Government asks that

the Court deny the motion without prejudice.

Respectfully submitted this 21st day of May, 2025.

JUSTIN D. WHATCOTT
Acting United States Attorney
District of Idaho

By:     */s/ Katherine Horwitz*
Katherine L. Horwitz
Assistant U.S. Attorney

*/s/ Francis J. Zebari*
Francis J. Zebari
Assistant U.S. Attorney

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 21, 2025, the foregoing **GOVERNMENT'S RESPONSE TO MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNNOTICED CRIMES, WRONGS, OR ACTS** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| Debra Ann Groberg<br>Nevin, Benjamin & McKay LLP<br>P.O. Box 2772<br>Boise, ID 83701<br>208-343-1000<br>dgroberg@nbmlaw.com | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ Email |
|---|---|

/s/ *Katherine Horwitz*
Katherine Horwitz
Assistant U.S. Attorney

8