Debra Groberg (ISB#9797)
Nathan Pittman (ISB#9430)
NEVIN, BENJAMIN & McKAY LLP
303 West Bannock
P.O. Box 2772
Boise, Idaho 83701
Telephone: (208) 343-1000
Facsimile: (208) 345-8274
dgroberg@nbmlaw.com
npittman@nbmlaw.com

*Attorneys for Defendant Ryan Bendawald*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:23-CR-281-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNNOTICED CRIMES, WRONGS, OR ACTS UNDER RULES 404(b) AND 413** |
| RYAN A. BENDAWALD, | ) | |
| Defendant. | ) | |

The government's Response confirms that it has made a strategic choice not to provide notice under Rule 404(b) of any "other acts" (to include what the parties have referred to as Mr. Bendawald's policing practices), that were not noticed in its January 31, 2025 notice.[1] *See* Dkt. No. 80. The Court's inquiry could end there; the government is of the view that it was not required to provide notice and will rely on a theory that this evidence is either "intrinsic" to the offenses charged or admissible under another Rule. If that is the case, and the government has no intention to offer any more evidence of Mr. Bendawald's "other" crimes, wrongs, or acts, either the motion

---

[1] The government's Response makes no mention (not even in the caption) of the other basis for the instant motion, the exclusion of sexual assault evidence for which notice was not given under Rule 413.

DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
UNNOTICED CRIMES, WRONGS, OR ACTS UNDER RULES 404(b) AND 413 - 1

is moot and the government should be held to its representation or it cannot be prejudiced by granting the motion.[2]

Contrary to the government's assertions, Resp. at 4, Mr. Bendawald's motion never sought to prevent the government from admitting the identified evidence under any circumstances or any theory.[3] The purpose of the motion was to avoid an eleventh-hour Rule 404(b) notice of evidence that should have been disclosed on January 31. This was a reasonable approach, given the allusions in the government's other filings to evidence of other of Mr. Bendawald's acts that he engaged in "regularly," (suggesting non-intrinsic conduct offered for propensity) *see* Resp. to Def.'s Mot. to Suppress at 9-10, Dkt. No. 63, and given that the government proceeded cautiously in its Rule 404(b)/413 notice by attempting to satisfy the requirements of Rules 404(b) and 413 even though it asserted some of the evidence it noticed was intrinsic to a charged offense, *see* U.S.'s Mot. for an Order Permitting Admission of Evidence Pursuant to Federal Rules of Evidence 413 and 404(b) at 6-7, 15, Dkt. No. 80. The government has now made clear its strategic decision not to follow the same approach with respect to Mr. Bendawald's policing practices or any "other acts."

As noted in Mr. Bendawald's motion, that decision has consequences. *See United States v. Martinez*, No. S-08-0562, 2010 WL 11515678, at *1-*2 (E.D. Cal. Sept. 15, 2010). As the commentary to Rule 404(b) makes clear, the Rule requires the prosecution to provide notice of

---

[2] The government's objections that Mr. Bendawald should have more specifically described the evidence to be excluded (never mind that Mr. Bendawald's description of the evidence was taken from the government's own pleadings) flips Rule 404(b) on its head, as it is the government's burden under that rule to describe the evidence it intends to admit. But this debate is neither here nor there if the government maintains it was not required to provide notice under Rule 404(b).

[3] The government's hyperbolic objections in Part 2 of its Response therefore miss the mark. An order on a motion in limine is preliminary and is always subject to being revisited at trial if circumstances change. *See United States v. Babichenko*, 601 F. Supp. 3d 876, 878 (D. Idaho 2022). The government cannot object to a motion in limine precluding it from introducing evidence in its case-in-chief on the grounds that the defendant might open the door later on in the trial.

DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNNOTICED CRIMES, WRONGS, OR ACTS UNDER RULES 404(b) AND 413 - 2

"other" act evidence "regardless of how it intends to use the extrinsic act evidence at trial," including for impeachment and rebuttal. Fed. R. Evid. 404 advisory committee's note (1991); *see United States v. Vega, 188 F.3d 1150*, 1153, 1154 (9th Cir. 1999). Having chosen to rely on the theory that the evidence is intrinsic to the offenses charged, the government cannot now change course.

Although Mr. Bendawald's motion does not call on the Court to determine whether evidence of Mr. Bendawald's policing practices is intrinsic to the offenses charged, it is not at all clear that this is the case. Evidence is intrinsic to the offense charged where it is "part of the transaction that serves as the basis for the criminal charge" or when necessary "to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) (quotation marks omitted). The government asserts that the "evidence presented at trial will demonstrate that the Defendant employed these tactics during the charged events to avoid detection by his fellow officers," Resp. at 3, but that representation does not accord with the evidence as understood by Mr. Bendawald. Counts Two through Eight all involve documented police encounters (traffic stops, searches, and other legitimate police activity) where Mr. Bendawald's presence and location are not at issue.[4] Indeed, with respect to those counts Mr. Bendawald's presence during the police encounters was observed by other officers, memorialized in reports and radio logs, and captured on body-worn camera. What is at issue is what he may have said to the Alleged Victims, what he did while on scene, or what he did after the police business was concluded. If the government presents evidence of anything Mr.

---

[4] With respect to Count One, it is the only encounter for which there is no known documentation whatsoever. Accordingly, evidence of Mr. Bendawald's policing practices would by necessity be propensity evidence with respect to this count, offered for the proposition that there is no evidence of the encounter not because it did not happen, but because Mr. Bendawald is a bad police officer who hides evidence of his encounters.

DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
UNNOTICED CRIMES, WRONGS, OR ACTS UNDER RULES 404(b) AND 413 - 3

Bendawald did or did not do during these police encounters that would likely be intrinsic evidence, but evidence of what Mr. Bendawald did or did not do in his police work generally or during other police encounters would be extrinsic to the charges.

The cases the government cited do not lead to a different conclusion. They all involved evidence that directly related to the charged offense or rebutted a defense. *See United States v. Flores*, 802 F.3d 1028, 1047 (9th Cir. 2015) (admitting evidence of Facebook messages regarding drug use because the evidence indicated the messages "referred to the very drugs Flores was arrested for transporting" and were thus "tantamount to admissions to the crime charged"); *United States v. Orozco*, 764 F.3d 997 (9th Cir. 2014) (admitting evidence of a statement an officer made during encounter with defendant); *United States v. Allen*, 341 F.3d 870 (9th Cir. 2003) ("skinhead and white supremacy evidence" admitted under Rule 403 to prove the intent element of the crime); *United States v. Sanchez-Robles*, 927 F.2d 1070 (9th Cir. 1991) (evidence of border crossings admitted to rebut issues raised in the defense). The government asserts that policing activity "surrounding" allegations of bribery and civil rights violations counts as intrinsic evidence, but it misreads the case it relies on. *See* Resp. at 3. The Fourth Circuit in *United States v. Underwood* allowed the admission of evidence of policing conduct unrelated to the specific acts charged in the indictment not because the case involved allegations of bribery and civil rights, but because the indictment *charged a conspiracy*. 95 F.4th 877, 891-92 (4th Cir. 2024). The Fourth Circuit made this basis for its ruling very explicit, specifically stating "in conspiracy cases, we have noted that this means that 'the government is permitted to present evidence of acts committed in furtherance of the conspiracy even though they are not all specifically described in the indictment.'" *Id.* at 892 (quoting *United States v. Janati*, 374 F.3d 263, 270 (4th Cir. 2004)).

Needless to say, Mr. Bendawald is not charged with a conspiracy but with violating the

law in eight separate counts. Only evidence "intrinsic" to those counts can be admitted without notice under Rule 404(b). The government has made the strategic decision to eschew that notice in favor of arguing that it has noticed all "other act" evidence and that what remains is intrinsic. Mr. Bendawald agrees that the time for determining whether the evidence is intrinsic is at trial, once the government has presented its case and made clear the specific evidence it intends to introduce.

## CONCLUSION

For the foregoing reasons, Mr. Bendawald respectfully requests that the Court grant the motion in limine.

DATED this 28th day of May, 2025.

                                NEVIN, BENJAMIN & McKAY LLP

                                /s/ Debra Groberg
                                Debra Groberg

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of May 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Katherine L. Horwitz
    United States Attorney's Office
    khorwitz@usdoj.gov

                                        /s/ Debra Groberg
                                        Debra Groberg