JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANT UNITED STATES ATTORNEY
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN A. BENDAWALD,<br><br>Defendant. | Case No. 1:23-cr-00281-DCN<br><br>**UNITED STATES'S SUPPLEMENTAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)** |

Defendant Ryan Bendawald is charged with sexually assaulting three women and sexually soliciting three more women while he was a Caldwell Police Officer. In the years leading up to and after these assaults and solicitations, Bendawald sexually assaulted, solicited, harassed, stalked, and threatened more than a dozen women. In each strikingly similar incident, Bendawald targeted women who were in vulnerable positions, and in each incident Bendawald used his police authority to exploit that vulnerability.

Victim credibility is of paramount importance in this case. Bendawald chose his victims because he was confident that they would never be believed. During the investigation, multiple victims reported that Bendawald stalked them, appearing outside of their homes at odd hours.

Last Friday, a former CPD Officer (Officer 1) came forward with the following new information. Namely, Officer 1 described the following three events that the Government now notices under Federal Rule of Evidence 404(b):

First, on November 2, 2021, at approximately 9:30 p.m., Officer 1 was responding to a 911 call of an armed prowler running through the backyards of a residential area in Caldwell. Upon arriving on scene, Officer 1 discovered Bendawald, who was not on duty. Bendawald matched the description of the prowler in the area—both in physical appearance and in dress—a black hooded sweatshirt. Officer 1 concluded that Bendawald was the prowler for whom he was searching. This incident eerily parallels accounts by victims in this case that Bendawald suddenly appeared outside at their homes—even down to the clothing. The high probative value of this evidence is not substantially outweighed by the danger of unfair prejudice such that the extraordinary remedy of exclusion is warranted.

Next, in late 2020 or early 2021, Officer 1 reported that Bendawald, then his supervisor, instructed him to unplug his GPS tracking device in his CPD vehicle while on patrol to avoid detection. Specifically, Bendawald instructed Officer 1 to conduct investigation in Homedale, outside of CPD's jurisdiction, and to unplug his GPS tracking device to avoid being caught outside their jurisdiction. Officer 1 was particularly disturbed by this instruction because it runs counter to all law enforcement training, which is designed to protect first responders.

Finally, in 2021, Officer 1 caught Bendawald outside of his jurisdiction in his patrol vehicle in Gem County, Idaho. Concerned, Officer 1 reported this violation to Captain Devin Riley, who then relayed this disclosure to Bendawald. Upset, Bendawald threatened Officer 1 for reporting his misconduct, which scared Officer 1 into compliance.

Bendawald's threats to Officer 1 mirror his interactions with officers and victims who will similarly testify to such obstruction. Bendawald threatened these officers and victims not to speak with law enforcement or report his bad behavior.

Each event is relevant under Rule 404(b) as probative of his modus operandi, knowledge, absence of mistake, opportunity, preparation, plan, and intent.[1] This supplemental notice is timely. Each of the above-described incidents were first disclosed to the federal agent in this case last Friday, July 18, 2025; relevant reports were obtained today. Accordingly, the Government noticed this evidence under Rule 404(b) as quickly as possible. With seven weeks until trial, this notice provides the defense with ample time under this Rule and Ninth Circuit precedent.

## CONCLUSION

Based on the above, the United States herein provides notice of its intent to introduce other evidence under Rule 404(b).

Respectfully submitted on July 21, 2025.

JUSTIN D. WHATCOTT
Acting United States Attorney
District of Idaho

By:    */s/ Katherine Horwitz*
Katherine L. Horwitz
Assistant U.S. Attorney

*/s/ Francis J. Zebari*
Francis J. Zebari
Assistant U.S. Attorney

---

[1]    This notice is not a motion to admit this evidence.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 21, 2025, the foregoing **GOVERNMENT'S FIRST SUPPLEMENTAL NOTICE OF INTENT TO OFFER EVIDENCE UNDER RULES 404(b)** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

Debra Ann Groberg
Nevin, Benjamin & McKay LLP
P.O. Box 2772
Boise, ID 83701
208-343-1000
dgroberg@nbmlaw.com

☐ United States Mail, postage prepaid
☐ Fax
☒ ECF filing
☐ Email


 /s/ *Katherine Horwitz*
Katherine Horwitz
Assistant United States Attorney

4