JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANT UNITED STATES ATTORNEYS
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RYAN A. BENDAWALD,<br><br>　　　　　Defendant. | Case No. 1:23-cr-00281-DCN<br><br>**Government's Response to Defendant's Motion to Exclude Expert Testimony of Shannon Sorini (ECF 143)** |

The Government's proffered expert, Shannon Sorini, is a long-recognized expert in Idaho on sexual abuse trauma. Her proposed testimony will assist the jury in its determination of guilt by disabusing the jury of widely held misconceptions about victims of sexual abuse, so that it may evaluate the evidence free of the constraints of popular myths. Defendant's Motion to Exclude is based on a fundamental misunderstanding of this Court's gatekeeping function under Federal Rule of Evidence 702 and ignores a wall of precedent in the Ninth Circuit (and other courts) admitting such expert testimony as helpful to the jury. This Court should deny it.

**LEGAL FRAMEWORK**

Under Federal Rule of Evidence 702, expert testimony is admissible only when that expert is qualified and the opinion is both relevant and reliable. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). As "gatekeepers," district courts must be satisfied: (1) that the expert is qualified to render the proffered opinion; (2) the opinion is reliable; and (3) the testimony assists the jury in its function as fact finder. The proponent of expert testimony bears the burden of establishing its admissibility. *See* Fed. R. Evid. 702 advisory committee's note (2000) ("[T]he admissibility of all expert testimony is governed by the principles of Rule 104(a). Under that Rule, the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence.").

An expert may be qualified to render an opinion by knowledge, skill, experience, training, or education. Under well-established Supreme Court and Ninth Circuit precedent, an expert's testimony may rely solely on experience. *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999); *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) ("[T]he gatekeeping function is not limited to 'scientific' expert testimony, but applies to all expert testimony."). When an expert relies on experience rather than scientific bases for his opinion, however, "the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's note (2000).

To be reliable, the expert's opinion must be based on facts that enable the expert to express a reasonably accurate conclusion as opposed to conjecture or speculation— although, absolute certainty is not necessary. *See United States v. Rahm*, 993 F.2d 1405, 1412

(9th Cir. 1993) (noting parenthetically that "certainty of expert's opinion goes to weight of testimony, not admissibility"). While the Supreme Court gives "great latitude" to district courts regarding reliability determinations, district courts must make some kind of reliability determination to fulfill its gatekeeping function. *See Kuhmo Tire*, 526 U.S. at 141. This latitude extends not just to whether to admit expert testimony, but also how to test an expert's reliability. *See id.* When, as here, an expert's opinion is based on experience rather than scientific theory, "[t]he *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable" because the "reliability depends on the knowledge and experience of the expert, rather than the methodology or theory behind it." *Hankey*, 203 F.3d at 1169. If the district court finds the expert is sufficiently qualified to render the proffered testimony and the opinion sufficiently reliable, it must then ensure that such testimony would aid the jury. If helpful, the testimony is admissible under Rule 702.

## ARGUMENT

I.  **Ms. Sorini's testimony satisfies the demands of Federal Rule of Evidence 702 and, therefore, is admissible.**

The Government has more than satisfied its burden under a preponderance standard that Ms. Sorini is qualified, her testimony is reliable, and it will be helpful to the jury.

   A.  **Ms. Sorini is qualified to provide background on trauma response based on her education, training, and extensive experience.**

Ms. Sorini is qualified to render the proffered testimony and testify as to the noticed topics. *See* ECF 130, at 3 (describing her education and experience as a counselor for adult sexual abuse victims, as well as "extensive training on sexual abuse, trauma responses to such abuse, and treatment after such abuse).

Government's Response to Motion to Exclude Expert Testimony—3

Under Rule 702, a witness may be qualified as an expert based on their "knowledge, skill, experience, training, or education." Fed. R. Evid. 702; *see Thomas v. Newton Intern. Enter.*, 42 F.3d 1266, 1269–70 (9th Cir. 1994) ("[T]he advisory committee notes emphasize that Rule 702 is broadly phrased and intended to embrace more than a narrow definition of qualified expert."). Here, in addition to her education and training on the subject matter, Ms. Sorini has more than a decade of first-hand experience evaluating and counseling victims of sexual abuse. Through this experience, she has gained expertise on the noticed topics sufficient to satisfy the demands of Rule 702, which itself explicitly recognizes that expertise goes beyond scientific training. *See* Fed. R. Evid. 702 (discussing "scientific, technical, or other specialized knowledge").

In arguing otherwise, the Defendant appears to make a distinction between childhood and adult sexual abuse victims—agreeing that Ms. Sorini is expert at the former, but not the latter. *See* Motion, ECF 143, at 4 ("Her investigative and clinical experience appears to be highly concentrated in the area of child sexual abuse, and the government does not disclose sufficient information to conclude that Ms. Sorini's experiences and her clients are presentative of sexual abuse victims generally."). No doubt, Ms. Sorini has extensive experience with sexual abuse victims who are children. But she likewise has extensive experience with adult victims of sexual abuse: Ms. Sorini is one of the founders of the Family Justice Center and has counseled hundreds of adult survivors of sexual abuse since 2009. *See, e.g.*, ECF 130-1, at 1–2. She has extensive education, training, and experience in her field of counseling sexual abuse victims—both children and adult. *See id.* Whatever line the Defendant draws between Ms. Sorini's experience with children and adults should be raised during cross examination—it is not a basis to exclude her.

Government's Response to Motion to Exclude Expert Testimony—4

**B.     Ms. Sorini's testimony is reliable.**

To be reliable, the expert's opinion must be based on facts that enable the expert to express a reasonably accurate conclusion as opposed to conjecture or speculation.

The Government has more than satisfied its burden of showing the noticed expert testimony is reliable under a preponderance standard. Ms. Sorini has explained how her experience, training, and education inform her testimony on trauma response, including delayed reporting, failure to acknowledge the sexual experience as "rape," and grooming behavior of sexual abusers. *See* Notice, ECF 130, at 5–10.

Nevertheless, the defense claims this testimony is unreliable because it "is not based on any scientific study or method." *See* ECF 143, at 3–4. But Ms. Sorini's expertise stems from her training, education, and experience with victims, not a scientific theory whose methodology can be retested in a lab. *See City of Pomona v. SQM N. Amer. Corp.*, 750 F.3d 1036, 1046 (9th Cir. 2014) ("The question is whether an expert's methodology can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability." (quotation omitted)).

When, as here, an expert's testimony is based on experience rather than scientific theory, "[t]he *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable" because the "reliability depends on the knowledge and experience of the expert, rather than the methodology or theory behind it." *Hankey*, 203 F.3d at 1169. Ms. Sorini's conclusions are based on her extensive experience working directly with sexual abuse survivors, as well as her education and training on these subjects.[1] These bases are

---

[1]     The Defendant makes much ado about a passing reference to Ms. Sorini's experience as the basis for her expertise but otherwise ignores that the Government's notice *also relied* upon Mr. Sorini's training and experience. *Compare* Motion to Exclude, ECF 143, at 2–3 &

Government's Response to Motion to Exclude Expert Testimony—5

reliable under Rule 702.

The Defendant appears to base his motion, in part, on the mistaken belief that unless Ms. Sorini can independently prove that her patients were "actually victims of sexual abuse" then she cannot reliably discuss victims' trauma response. *See* Motion, ECF 143, at 6. Courts have handedly rejected this argument as a basis for excluding similar expert testimony under *Daubert*. *See, e.g.*, *United States v. Simmons*, 470 F.3d 1115, 1122–23 (5th Cir. 2006) (rejecting argument that expert testimony about rape-victim behavior was scientifically suspect because the experience is based on therapeutic, rather than "forensic," experience); *Beauchamp v. City of Noblesville*, 320 F.3d 733, 745 (7th Cir. 2003) (expert's reliance on rape research to explain victim's "failure to immediately notify the police that she had been raped" and her "inability to recall the details of the crime clearly" could "be consistent with that of a person who was raped"); *United States v. Smith*, 1998 WL 136564, at *1–2 (6th Cir.1998) (unpublished) (admitting psychologist's testimony that "she was familiar with reactions of women who have been victims of rape or sexual assault and that women often do not report the incidents immediately" to rebut defendant's assertion that alleged victims "were unreliable because they did not immediately report their rapes and assaults"); *United States v. Alzanki*, 54 F.3d 994, 1006 (1st Cir. 1995) (upholding, as reliable under *Daubert*, testimony based on expert's general research and personal interaction with hundreds of abuse victims that alleged victim's "behavioral response to the non-sexual abuse administered by the [defendants] was consistent with the behavior of abuse victims

---

n.2, *with* Notice, ECF 130, at 9 (citing "specialized knowledge gained from her experience, the training and education she has received in the area of sexual abuse"). Likewise, to the extent that the Defendant requests production of any training or educational material that Ms. Sorini may rely upon, the Government is happy to produce it.

Government's Response to Motion to Exclude Expert Testimony—6

generally").

As reflected in the notice, Ms. Sorini's testimony is based on identifiable, tangible trauma response training, education, and first-hand experience with victims. If the Defendant wants to inquire whether Ms. Sorini has conducted forensic exams to prove the veracity of her patients' report of abuse, he is more than welcome to do so during cross examination—where such lines of inquiry are appropriately targeted. *See Rahm*, 993 F.2d at 1412 ("certainty of expert's opinion goes to weight of testimony, not admissibility"). It is not, however, a basis for excluding the testimony.

### C. Ms. Sorini's testimony will help the jury.

Ms. Sorini's testimony will assist the jury in its determination of guilt. The noticed expert testimony from Ms. Sorini in this case "disbus[es] the jury of some widely held misconceptions about [the] victims, so that it may evaluate the evidence free of the constraints of popular myths." *United States v. Lopez*, 913 F.3d 807, 823 (9th Cir. 2021). Common trauma responses and behaviors of sexual abuse victims is outside the common juror's knowledge—and is necessary to disabuse the jurors of "widely held misconceptions" about how a victim "should" respond to traumatic events. *See id.*

She will also testify to "grooming" of victims, which is probative of "how seemingly innocent conduct . . . could be part of a seduction technique.'" *United States v. Halamek*, 5 F.4th 1081, 1088 (9th Cir. 2021) (quoting *United States v. Romero*, 189 F.3d 576, 585 (7th Cir. 1999)). This testimony is especially relevant here because the Defendant's behavior towards some of the victims included "grooming" them to believe he was a "good guy," who wanted to help them obtain sobriety and clean up their lives.

Government's Response to Motion to Exclude Expert Testimony—7

For instance, the Defendant called Victim 3's mother to describe how "beautiful" and "gorgeous" she was and relay that Victim 3 deserved a better life, which he would help her attain. Victim 3 likewise described the Defendant as "saving her life." This pattern of ingratiating behavior is not limited to Victim 3. Ms. Sorini's background testimony will help the jury assess whether the Defendant's behavior was simply "innocent" or part of a scheme "to engage in illicit sexual activity" with the victims. *See id.* Accordingly, this testimony satisfies Rule 702's command that it help the jury.

### D. Ms. Sorini's testimony will not vouch for the credibility of witnesses.

Finally, the Defendant claims that Ms. Sorini's testimony will improperly cross the line into vouching for the victim's credibility. Not so.

Ms. Sorini's testimony will not touch on the facts of the present case nor render an opinion on any victims' credibility or veracity. Ninth Circuit precedent makes plain that any expert testimony touching a witness's credibility is wholly improper under Rule 702. *See United States v. Barnard*, 490 F.2d 907, 913 (9th Cir. 1973) (finding exclusion of psychiatrist's and psychologist's testimony that witness was a sociopath and not credible was proper, and that admitting such testimony "may cause juries to surrender their own common sense in weighing testimony"). Thus, *any* expert testimony regarding a witness's credibility must be excluded. *See id.* (holding "[c]redibility . . . is for the jury—the jury is the lie detector in the courtroom."). Ms. Sorini will not offer such improper testimony.

Instead, her testimony is purely to provide background information based on her experience, education, and training. This category of expert testimony has long been recognized as helpful to juries in understanding and evaluating a witness's credibility. The Ninth Circuit—and all Circuit Courts—have admitted such testimony in cases involving

Government's Response to Motion to Exclude Expert Testimony—8

sexual assault or abuse. *See also Simmons*, 470 F.3d at 1122–25; *Lopez*, 913 F.3d at 823 (holding that expert testimony on rape trauma syndrome was relevant and helpful for the jury's assessment of the defendant's credibility); *S.M. v. J.K.*, 262 F.3d 914, 920–21 (9th Cir. 2001); *United States v. Charles*, 691 F. App'x 367, 370–71 (9th Cir. 2017) (expert testimony on "general dynamics of sexual assault situations" helpful to jury); *United States v. Lukashov*, 693 F.3d 1107, 1115–16 (9th Cir. 2012); *see also United States v. Roberts*, 86 F.4th 1183, 1186-87 (8th Cir. 2023) (recognizing the "wall of precedent" between admissible expert testimony about "responses to sexual assault" that does not diagnose someone as a victim of sexual abuse because some "post-abuse behavior may seem counterintuitive, so expert testimony will allow jurors to evaluate the alleged victim's behavior and assess credibility by understanding how individuals generally react to sexual abuse.").

    The Defendant's objection to this testimony stems from a fundamental misunderstanding of Rule 702 and this Court's gatekeeping function thereunder. *See, e.g.*, ECF 143, at 2 (arguing the absence of "scholarly principles or methods" or "data" render her testimony unreliable). An expert need not render an opinion to testify under Rule 702. *See United States v. Rahm*, 993 F.2d 1405, 1411 (9th Cir. 1993) (noting that "the admission of expert testimony . . . and the admission of a specific expert *opinion* are separate determinations," and that both are admissible under Rule 702). Here, the notice need not—and could not—include an opinion drawn or the data or methodology behind such an opinion because there is none. The Defendant's motion to exclude is thus based on a fundamental misunderstanding of the nature of the testimony proffered and, therefore, should be denied.

### E.   Given the record before the Court, no *Daubert* hearing is necessary.

Based on the record before it, the Court should determine that Ms. Sorini's testimony is admissible without a hearing. Nevertheless, if the Court is unsatisfied as to the admissibility of this testimony based on the record before it, it can allow for additional testimony to lay the foundation as to experience and knowledge when the witness testifies at trial. *See United States v. Pacheco*, 829 F. App'x 207, 210–11 (9th Cir. Oct. 6, 2020) (affirming such procedure to determine reliability of expert in criminal trial). Given the complexities of scheduling a separate pretrial hearing—and the lateness of the motion—the Court should deny the Defendant's request for a pretrial *Daubert* hearing.

## CONCLUSION

For the reasons discussed herein, the Government respectfully requests that the Court deny Defendant's Motion to Exclude Ms. Sorini's testimony.

Respectfully submitted this 4th day of August, 2025.

JUSTIN D. WHATCOTT
Acting United States Attorney
District of Idaho

By:   */s/ Katherine Horwitz*
Katherine L. Horwitz
Assistant U.S. Attorney

*/s/ Francis J. Zebari*
Francis J. Zebari
Assistant U.S. Attorney

Government's Response to Motion to Exclude Expert Testimony—10

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 4, 2025, the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF SHANNON SORINI** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Debra Ann Groberg<br>Nevin, Benjamin & McKay LLP<br>P.O. Box 2772<br>Boise, ID 83701<br>208-343-1000<br>dgroberg@nbmlaw.com | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ Email |

      /s/ *Katherine Horwitz*
      Katherine Horwitz
      Assistant U.S. Attorney