JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANT UNITED STATES ATTORNEY
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:23-cr-00281-DCN |
| Plaintiff, | |
| vs. | |
| RYAN A. BENDAWALD, | |
| Defendant. | |

**GOVERNMENT'S PROPOSED VOIR DIRE**

The United States of America, by and through Justin D. Whatcott, Acting United States Attorney for the District of Idaho, and Assistants United States Attorney, hereby provides the following proposed jury *voir dire* questions for the Court to use during jury selection. To the extent that the Court does not ask these questions, or follow-up is appropriate, the Government may ask these questions of individual jurors during its opportunity for *voir dire*.

## PROPOSED JURY *VOIR DIRE* QUESTIONS BY THE COURT

1.     Do you know the Defendant, Ryan Bendawald, or any of his family members, his friends, or his close associates?  If yes, what is that knowledge or relationship?

2.     Do you know any of the following members of the defense team, or any member of their families, their friends, or their close associates?

    a.   Debra Groberg, counsel for Mr. Bendawald

    b.   Nathan Pittman, co-counsel for Mr. Bendawald

    c.   Avery Elsberry, Paralegal for Mr. Bendawald

    d.   Kelly O'Neill, Investigator for Mr. Bendawald

    e.   Andrea Frazier, Investigator for Mr. Bendawald

If yes, what is that knowledge or relationship?

3.     Do you know any of the following members of the prosecution team, or any member of their families, their friends, or their close associates?

    a.   Kate Horwitz, Assistant United States Attorney

    b.   Frank Zebari, Assistant United States Attorney

    c.   Pam Rocca, Paralegal, United States Attorney's Office

    d.   Ryan O'Neil, Special Agent, Federal Bureau of Investigation

    e.   Doug Hart, Sheriff Deputy, Canyon County Sheriff's Office

If yes, what is that knowledge of relationship?

4.     Do you know any of the following individuals, or any member of their families, their friends, or their close associates?

    1.     C.A.

    2.     G.B.

GOVERNMENT'S PROPOSED VOIR DIRE—2

3.        M.C.

4.        L.E.

5.        K.G.

6.        L.G.

7.        R.G.

8.        E.J.

9.        A.L.

10.       C.L.

11.       C.R.

12.       B.S.

13.       C.S.

14.       M.S

15.       T.T.

16.       T.W.

17.       Avila, Ayesha

18.       Barclay, Michael

19.       Battaglia, Alyssa

20.       Benson, Chad

21.       Brost, Megan

22.       Cardwell, Joe

23.       Clinger, Jacob

24.       Cooper, Jesse

25.       Croft, Shannon

GOVERNMENT'S PROPOSED VOIR DIRE—3

26.      Crupper, Scott

27.      Daily, Joe

28.      Dean, Benjamin

29.      Defur, Tom

30.      Engle, Travis

31.      Fioti, Sandra

32.      Glenn, Levi

33.      Gregory, Josh

34.      Guzman, Veronica

35.      Gulley, Alisa

36.      Hanes, Delia

37.      Hansen, Jeffrey

38.      Hart, Doug

39.      Hawes, Andrew

40.      Heaton, Robert

41.      Heinrich, Ben

42.      Hessman, Chad

43.      Hipp, Ken

44.      Hust, Kilton

45.      Ivie, Chad

46.      Jeffreys, Cheryl

47.      Jenkins, Andrew

48.      Johnson, Tyler

GOVERNMENT'S PROPOSED VOIR DIRE—4

49.     Kershaw, Myron

50.     King, Sean

51.     Kojayan, Solar

52.     Lanham, Tylee

53.     Lewis, Michelle

54.     Leo, Richard

55.     McGrew, Casey

56.     Menchaca, Jose

57.     Messana, Amber

58.     Navarro, Angela

59.     North, Raelynn

60.     O'Neil, Ryan

61.     Paschal, Tom

62.     Phillips, Eric

63.     Piper, Tarissa

64.     Rapattoni, Matthew

65.     Richardson, Matt

66.     Riggs, Jonathon

67.     Riley, Devin

68.     Rohrback, Nathan

69.     Somoza, Ellie

70.     Schreiber, Emmett

71.     Seevers, Alan

GOVERNMENT'S PROPOSED VOIR DIRE—5

| 72. | Smith, Dan |
|---|---|
| 73. | Sorini, Shannon |
| 74. | Taylor, Bryan |
| 75. | Troyer, Pete |
| 76. | Wanous, Greg |
| 77. | Watkins, Johnathan |
| 78. | Wright, Dave |
| 79. | Wyant, Frank |
| 80. | Zimmerman, Brooke |

If yes, what is that knowledge or relationship?

5.      Have you heard or learned anything about this case?  If yes, what have you learned and how did you come about that information?

6.      In this case, Ryan Alan Bendawald, a former police officer with the Caldwell Police Department, is charged with sexual abuse and bribery. He has pled not guilty to all of these charges. There has been some media coverage of this case, and events related to it. There is nothing wrong with you having heard of the case, read stories about it, or discussed it with others. We simply need you to answer the following questions:

      a.   Have you read or heard anything about the case, the defendant, or related matters?

      b.   What source did you hear, read, or learn this information from?

GOVERNMENT'S PROPOSED VOIR DIRE—6

    c.  What do you remember seeing, hearing, or reading about this case or related matters?

    d.  What kinds of things, if any, have you heard people say about this case or any of the individuals involved?

    e.  What, if anything, have you told others about this case or any of the individuals involved?

    f.  What, if any, opinions do you have about this case or any of the individuals based on what you have seen, read, or heard?

    g.  Is there anything that you have read or heard that would cause you to form an opinion as to the guilt or innocence of the defendant or your ability to be fair and impartial to either the government or the defendant?

    h.  Will you be able to set aside anything you may have read or heard and judge the case fairly and impartially based on the evidence and the law as the judge instructs you?

7.    Would you tend to believe a police officer more than, less than, or the same as an average person?

8.    Does the fact that the defendant is a police officer make you think he is less likely to have engaged in illegal activity?

9.    What role, if any, do you think the federal government should have in investigating and prosecuting police officers accused of using excessive force?

10.     Some people feel that the police regularly use excessive force. Do you?

11.     Over the past several years, incidents of alleged police misconduct and brutality have given rise to groups such as Black Lives Matter and Blue Lives Matter and have sparked a national debate on law enforcement.  What do you think of these groups?

12.     This case involves allegations that a police officer engaged in sexual misconduct while on duty while investigating drug crimes. How do you feel about someone who uses and/or possesses drugs?  How do you feel about someone who sells or traffics in drugs?

13.     Some people feel that police officers perform such difficult and thankless jobs that it is wrong to second-guess them by punishing or prosecuting them for misconduct committed during the course of performing their jobs.  How do you feel about this issue?

Respectfully submitted this 26th day of August, 2025.

JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
By:

*/s/ Katherine L. Horwitz*
KATHERINE L. HORWITZ
Assistant United States Attorney

*/s/ Francis J. Zebari*
FRANCIS J. ZEBARI
Assistant United States Attorney

GOVERNMENT'S PROPOSED VOIR DIRE—8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 26, 2025, the foregoing **Government's Proposed Voir Dire** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Debra Ann Groberg<br>Nevin, Benjamin & McKay LLP<br>P.O. Box 2772<br>Boise, ID 83701<br>208-343-1000<br>dgroberg@nbmlaw.com | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ Email |

/s/ *Katherine Horwitz*
Katherine Horwitz
Assistant U.S. Attorney

GOVERNMENT'S PROPOSED VOIR DIRE—9