JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANT UNITED STATES ATTORNEYS
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:23-cr-00281-DCN |
| vs. | |
| RYAN A. BENDAWALD, | |
| Defendant. | |

**GOVERNMENT'S PROPOSED**
**JURY INSTRUCTIONS AND VERDICT FORMS**

The United States submits the following proposed jury instructions and requests leave

of Court to submit additional proposed jury instructions as they may become appropriate.

1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:23-cr-00281-DCN |
| Plaintiff, | **FINAL JURY INSTRUCTIONS** |
| v. | |
| RYAN A. BENDAWALD, | |
| Defendant. | |

**Instruction No. __**
**Dual Role Testimony**

You have heard testimony from Brian Holland who testified about facts and his opinions and the reasons for those opinions.  Fact testimony is based on what the witness personally saw, heard, or did.  Opinion testimony is based on the specialized knowledge, skill, experience, training, or education of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

As to the testimony about the witness's opinions, this testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.  Opinion testimony should be judged like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

You also should consider whether the witness testified to personal observations or involvement as a fact witness or testifying to an opinion based on specialized knowledge, skill, experience, training, or education.  When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.

*3.15 Dual Role Testimony*

**Instruction No. __**
**Summary of the Charges**

I will next give you a series of instructions regarding the elements of each charge alleged in this case. Before doing so, I will give you a brief overview of the charges.

As I have explained earlier, this is a criminal case brought by the United States against Defendant Ryan Bendawald. In Counts One, Three, and Eight, the defendant is charged with violating the civil rights of G.B., B.S., and E.J. to be free from unreasonable intrusions on one's bodily integrity. Counts One and Eight also allege that the defendant committed aggravated sexual abuse. In Counts Two, Four, Five, and Seven, the defendant is charged with soliciting a sexual favor from K.G., C.L., C.A., and E.J. in exchange for favorable police treatment under 18 U.S.C. § 666.

**Instruction No. __**
**Counts One and Eight—Deprivation of Rights Under Color of Law**

Title 18, United States Code, Section 242, makes it a crime for anyone, acting under color of law, willfully to deprive any person of a right secured by the Constitution or laws of the United States.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First:* | That the defendant acted under color of law; |
| *Second:* | That the defendant deprived a person present in the United States of a right secured or protected by the Constitution or laws of the United States, in this case, the right to bodily integrity, which includes the right to be free from sexual abuse or unwanted sexual contact unjustified by a legitimate and compelling government interest; |
| *Third:* | That the defendant acted willfully; and |
| *Fourth:* | That the offense resulted in bodily injury or involved aggravated sexual abuse or attempted aggravated sexual abuse. |

The first element the government must prove is that the defendant acted under color of law. A person acts under color of law if he is an official or employee of a federal, state, or local government and he uses or abuses power he possesses because of his official position. A government official, such as a police officer acts "under color of law" if he is performing his official duties, or pretending to perform those official duties, even if he misuses or abuses his official authority by doing something the law forbids. If you find that the defendant was a Caldwell City Police officer and that he was acting, pretending to act, or giving the

appearance of acting as a Caldwell City Police officer, then you may find that this element is satisfied.

The second element the government must prove is that that defendant deprived a person present in the United States of a right secured or protected by the Constitution or laws of the United States. In this case, the right involved is the right to bodily integrity. I instruct you that the right to bodily integrity is secured and protected by the Constitution of the United States.

Sexual assault or abuse by a state actor, such as a Caldwell City Police officer, violates the right to bodily integrity. Under our Constitution, no state actor may coerce, threaten, force, intimidate, or otherwise cause another individual to submit, against her will, to any sexual act. Sexual acts are defined to include:

- contact between the penis and the vulva or the penis and the anus;

- contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

- the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

To determine if the defendant deprived G.B. or E.J. of her right to bodily integrity, you must consider, with respect to each count, whether the defendant engaged the sexual acts charged in the Superseding Indictment and whether the sexual acts were without the consent of G.B. or E.J.

Thus, if you find that the defendant engaged in the sexual acts described in the Superseding Indictment, you must then determine with respect to each count, whether G.B.

or E.J. consented to the conduct. An individual's right to bodily integrity is not violated by a sexual act that that individual welcomes or to sexual acts to which she gives free and voluntary consent. In considering whether G.B. or E.J. consented, remember that consent that is the product of official intimidation or harassment is not consent at all. An individual does not consent if she is coerced into complying with a request that she would prefer to refuse.

In determining whether G.B. or E.J. consented to the sexual act, you should consider the totality of the circumstances, including the context in which the alleged incident occurred; the kind of relationship that existed between the defendant and G.B. or E.J., including the extent to which the defendant had power over G.B. or E.J.; any disparity in size between the defendant and G.B. or E.J.; whether the defendant isolated G.B. or E.J.; and anything that the defendant said or did before, during, or after the sexual act. You may also consider whether the defendant threatened G.B. or E.J. with arrest, increased jail time, or other legal consequences if she failed to submit to the sexual contact, or whether the defendant made other threats of serious harm or engaged in mental coercion.

It is not necessary to find that the defendant used actual violence against G.B. or E.J. Consent that is the product of official intimidation, harassment, or coercion is not true consent at all.

The third element the government must prove with respect to each count is that the defendant acted willfully. A defendant acts willfully if he acts voluntarily and intentionally, with the specific intent to do something the law forbids. Here, you must find that the defendant knowingly forced, coerced, or compelled G.B. or E.J. to engage in a sexual act against her will.

8

The final element the government must prove with respect to each count is that the offense resulted in bodily injury or involved aggravated sexual abuse or attempted aggravated sexual abuse.

"Bodily injury" includes any injury to the body, including physical pain. The injury need not be significant, severe, or permanent. The government does not need to prove that a defendant intended to cause bodily injury, or that a defendant's acts were the sole cause of bodily injury.

A defendant commits "aggravated sexual abuse" if he knowingly causes another person to engage in a sexual act by either: (1) using physical force against that person, or (2) threatening or placing that person in fear that she will be subjected to death, serious bodily injury, or kidnapping. This requires more than a showing that the person did not welcome or consent to the sexual act. It requires proof that the defendant used force or made serious threats to accomplish the sexual act.

"Knowingly" means voluntarily and intentionally, not because of mistake or accident.

The term "sexual act" includes penetration, however slight, of the vulva or the anus by the penis; contact between the mouth and the penis, or the mouth and the vulva, or the mouth and the anus; or the penetration, however slight, of the anal or genital opening of another person by a hand, finger, or by any object, with an intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person.

If you find that the defendant knowingly caused G.B. or E.J. to engage in a sexual act, then you must determine whether he did so by using physical force or by threatening G.B. or E.J. with—or otherwise placing her in fear of—death, serious bodily injury, or kidnapping.

The term "force" includes physical force sufficient to overcome, restrain or injure another. It certainly includes violent acts such as punching, hitting, kicking, pulling or pushing, although you may find this element satisfied even in the absence of such violent acts. Restraint alone can satisfy the force requirement when a defendant uses a degree of restraint sufficient to prevent an individual from escaping the sexual assault. The United States is not required to show the defendant used force for the entire duration of the sexual act; it need show only that the force was sufficient to cause the sexual act to occur.

Alternatively, you may find this element satisfied if you find that the defendant placed G.B. or E.J. in fear of death, serious bodily injury or kidnapping. "Kidnapping" is defined to include confining, restraining, keeping, or detaining someone against their will.

You will notice that Counts One and Eight charge not only that the defendant's acts included aggravated sexual abuse but also that they included attempted aggravated sexual abuse. You may find this element satisfied, even if you find that the defendant did not accomplish an act of aggravated sexual abuse, so long as you find that he attempted to commit aggravated sexual abuse.

To prove the defendant attempted to commit aggravated sexual abuse, the government must prove that: 1) the defendant intended to commit aggravated sexual abuse; and 2) the defendant took a substantial step toward committing aggravated sexual abuse. A substantial step is an act that is more than mere preparation and strongly corroborates the defendant's criminal intent.

If you find from your consideration of all the evidence that the defendant's acts in Counts One and Eight included aggravated sexual abuse or involved aggravated sexual abuse or attempted aggravated sexual abuse, then you may find this element satisfied.

**Color of Law:**

*West v. Atkins*, 487 U.S. 42, 49–50 (1988) ("It is firmly established that a defendant . . . acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.") (internal citations omitted). *Griffin v. Maryland*, 378 U.S. 130, 135 (1964) ("If an individual is possessed of state authority and purports to act under that authority, his action is state action. It is irrelevant that . . . the particular action which he took was not authorized by state law."). *Monroe v. Pape*, 365 U.S. 167, 183-87 (1961) (holding "under color of state law" includes misuse of power possessed by virtue of state law). *Williams v. United States*, 341 U.S. 97, 99–100 (1951) (holding that misuse of lawful authority can constitute action taken under color of law). *Screws v. United States*, 325 U.S. 91, 111 (1945) ("It is clear that under 'color' of law means under 'pretense' of law. . . . [A]cts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it."). *United States v. Classic*, 313 U.S. 299, 326 (1941) ("Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law."). Model Civ. Jury Instr. 9th Cir. § 9.3 (2021) (Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof) ("A person acts 'under color of state law' when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation."). *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("The traditional definition of acting under color of state law requires that the defendant . . . have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.") (internal quotations, citations, and alterations omitted).

**Bodily Integrity:**

*Missouri v. McNeely*, 569 U.S. 141, 159 (2013) ("We have never retreated, however, from our recognition that any compelled intrusion into the human body implicates significant, constitutionally protected privacy interests."). *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8, 848 (1998) (holding that proof of a Fourteenth Amendment violation requires that the subject's conduct was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience"; "Conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level."). *United States v. Lanier*, 520 U.S. 259, 262 (1997) (quoting trial judge's jury instruction: "Included in the liberty protected by the [Due Process Clause of the] Fourteenth Amendment is the concept of personal bodily integrity and the right to be free of unauthorized and unlawful physical abuse by state intrusion. Thus, this protected right of liberty provides that no person shall be subject to physical or bodily abuse without lawful justification by a state official acting or claiming to act under the color of the laws of any state of the United States when that official's conduct is so demeaning and harmful under all the circumstances as to shock one's consci[ence]. Freedom from such physical abuse includes the right to be free from certain sexually motivated physical assaults and coerced sexual

11

battery. It is not, however, every unjustified touching or grabbing by a state official that constitutes a violation of a person's constitutional rights. The physical abuse must be of a serious substantial nature that involves physical force, mental coercion, bodily injury or emotional damage which is shocking to one's consci[ence]."). *Florida v. Bostick*, 501 U.S. 429, 438 (1991) (holding, in context of consent to search, "[c]onsent that is the product of official intimidation or harassment is not consent at all. Citizens do not forfeit their constitutional rights when they are coerced to comply with a request that they would prefer to refuse."). *Ingraham v. Wright*, 430 U.S. 651, 673 (1977) ("Among the historic liberties" protected by the Due Process Clause is the right against "unjustified intrusions on personal security" at the hands of state officials.). *Breithaupt v. Abram*, 352 U.S. 432, 439 (1957) (explaining, in examining compelled blood alcohol tests, the balancing of "the right of an individual that his person be held inviolable, even against so slight an intrusion as is involved in applying a blood test" against "the interests of society in the scientific determination of intoxication, one of the great causes of the mortal hazards of the road"). *Union Pac. Ry. Co. v. Botsford*, 141 U.S. 250, 251 (1891) ("No right is held more sacred, or is more carefully guarded . . . than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law."). *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1162 (9th Cir. 2020) ("Most cases that involve unwanted sexual contact or harassment by public officials have been analyzed under the substantive due process right to be free from violations of bodily integrity under the Fourteenth Amendment. Under the Fourteenth Amendment's substantive due process prong, we use the 'shocks the conscience' test. The threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience" also holding that, if facts alleged by plaintiff were true, encounter between female ward of juvenile hall and 45-year-old guard who was " larger than [the plaintiff], wore a uniform, and had the power to discipline her if she refused to follow his instructions" was conscience-shocking) (internal quotations, citations, and alterations omitted).

**Aggravated Sexual Abuse**

18 U.S.C. § 2241(a) (defining "aggravated sexual abuse"); 18 U.S.C. § 2246 (defining "sexual act"); Model Crim. Jury Instr. 9th Cir. § 20.1 (2023) (Pattern Jury Instruction for violation of 18 U.S.C. § 2241); *United States v. Zitlalpopoca-Hernandez*, 632 F. App'x 335, 337 (9th Cir. 2015) (unpublished) (discussing § 2241 in the context of a sentencing enhancement); *United States v. H.B.*, 695 F.3d 931, 936 (9th Cir. 2012) (discussing elements of committing aggravated sexual abuse by force); *United States v. Archdale*, 229 F.3d 861, 868 (9th Cir. 2000) ("The 'force' requirement may be satisfied by a showing of . . . the use of such physical force as is sufficient to overcome, restrain, or injure a person. The force requirement is met when the sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact.") (internal quotations, citations, and alterations omitted); *United States v. Chatlin*, 51 F.3d 869, 872 (9th Cir. 1995) (holding that the defendant's physical abuse of the minor victim and her siblings placed the minor in fear that a person would be "subjected to death, serious bodily injury, or kidnapping unless she had sex with him, and thus constituted aggravated sexual abuse") (internal quotations, citations, and alterations omitted).

**Instruction No. __**
**Count Three—Deprivation of Rights Under Color of Law**

Title 18, United States Code, Section 242, makes it a crime for anyone, acting under color of law, willfully to deprive any person of a right secured by the Constitution or laws of the United States. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*        That the defendant acted under color of law;

*Second:*        That the defendant deprived a person present in the United States of a right secured or protected by the Constitution or laws of the United States, in this case, the right to bodily integrity, which includes the right to be free from sexual contact unjustified by a legitimate and compelling government interest; and

*Third:*        That the defendant acted willfully.

The first element is the same as described in Instruction ___.

The second element the government must prove is that that defendant deprived a person present in the United States of a right secured or protected by the Constitution or laws of the United States.

The United States Constitution guarantees everyone in this country the right to be free from unreasonable seizure by a law enforcement officer. A seizure occurs if a law enforcement officer intentionally restrains someone's freedom of movement either by force or by show of authority. A seizure includes an arrest, and once a seizure has occurred, it continues throughout the time the arrestee is in the custody of the arresting officer. If you find that the defendant seized B.S., you must then determine whether that seizure was reasonable and remained reasonable while B.S. was in the defendant's custody. Whether a

13

seizure is reasonable depends on whether the officer's actions were objectively reasonable in light of all the facts and circumstances.

A seizure is unreasonable if it involves the unreasonable invasion of bodily integrity or bodily privacy. The Constitution forbids intrusions on bodily integrity or bodily privacy that serve no objectively reasonable law enforcement purpose. Here, the indictment alleges that the defendant subjected B.S. to unreasonable seizure when he touched B.S.'s vagina while she was handcuffed and against her will.

The Constitution forbids a state actor, such as a Caldwell Police officer, from engaging in sexual contact with a person against her will, absent a compelling governmental interest. Sexual contact includes touching, either directly or through the clothing, the genitalia or breasts of any person.

To determine if the defendant deprived B.S. of her right to bodily integrity, you must consider whether the defendant engaged in sexual contact unjustified by a legitimate and compelling government interest and, if so, whether the sexual contact was without B.S.'s consent. If you determine that the defendant engaged in the sexual contact described in the Superseding Indictment, you must determine whether that contact violated the right to bodily integrity. I caution you that the right to bodily integrity is not violated merely by sexually harassing speech, the casual touching of a non-private area of the body like the arm, or by the brief incidental touching, even of a private area of the body, for example during an accidental bumping or during a legitimate use of force. To rise to the level of a constitutional violation, the conduct must be egregious enough to shock the conscience.

The kind of conduct most likely to rise to a conscience-shocking level is conduct that is not justified by a compelling or legitimate governmental interest. Law enforcement officers

may touch even a private area of the body if doing so is justified by a legitimate and compelling law enforcement interest. For example, if the conduct occurs in a manner that is reasonable under all the facts and circumstances, a law enforcement officer may inspect a private area of an inmate's body to search for evidence; to ensure that contraband is not brought into a prison; or for similar reasons involving safety and security.

Sexual contact undertaken solely for the purpose of abusing, harassing, humiliating, degrading, or harming a person in custody does not qualify as contact undertaken for a legitimate and compelling government interest. Similarly, sexual contact undertaken to gratify the sexual desires of an officer is not contact justified by a legitimate or compelling government interest.

If you find that the defendant engaged sexual contact serious enough to implicate the right to bodily integrity, you must then determine whether B.S. consented to the conduct. An individual's right to bodily integrity is not violated by sexual contact that that individual welcomes or to which she gives free and voluntary consent. In considering whether B.S. consented, remember that consent that is the product of official intimidation or harassment is not consent at all. An individual does not consent if she is coerced into complying with a request that she would prefer to refuse.

In determining whether B.S. consented to the contact, you should consider the totality of the circumstances, including the context in which the alleged incident occurred; the kind of relationship that existed between the defendant and B.S., including the extent to which the defendant had power over her; any disparity in size between the defendant and B.S.; whether the defendant isolated B.S.; and anything that the defendant said or did before, during, or after the sexual contact. You may also consider whether the defendant threatened B.S. with

arrest, increased jail time, or other legal consequences if she failed to submit to the sexual contact, or whether the defendant made other threats of serious harm or engaged in mental coercion.

If, after considering all the circumstances, you find that the defendant engaged in nonconsensual contact with B.S., you may find that this element of the offense is satisfied. You need not be unanimous in the way in which the defendant deprived B.S. of her right to be free from unreasonable seizure, but you do have to be unanimous that the defendant deprived B.S. of her right to be free from unreasonable seizure.

Finally, the third element the government must prove with respect to this count is that the defendant acted willfully. A defendant acts willfully if he acts voluntarily and intentionally, with the specific intent to do something the law forbids. Here, you must find that the defendant knowingly forced, coerced, or compelled B.S. to engage in sexual contact against her will, knowing there was no legitimate or compelling government interest justifying the sexual contact.

To find that the defendant acted willfully, it is not necessary for you to find that the defendant knew that he was violating a specific law or constitutional provision. You may find that a defendant acted willfully even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved. You must, however, find that the defendant intended to do that which the Constitution forbids.

A person's state of mind can often be proven only by circumstantial evidence, because no one can read another person's mind and tell exactly what that person is thinking. In determining whether the defendant acted willfully, you may consider all surrounding circumstances, including (but not limited to): the manner in which any constitutional

violation was carried out; the duration of any constitutional violation; anything the

defendant said; anything the defendant did or failed to do; and how the defendant acted

before, during, and after the incident. For example, you may consider whether the defendant

took care to cover up or conceal his deeds. You may also consider whether the defendant

had been trained, and whether he acted consistently or inconsistently with that training.

*Fontana v. Haskin*, 262 F.3d 871, 881–82 (9th Cir. 2001) (Although a possible fit under the Fourteenth Amendment, unwanted sexual contact by the police better seen as a Fourth Amendment claim because [the plaintiff] had been seized by the police . . . [the claim is one of] "unreasonable seizure and intrusion on one's bodily integrity," and "the Fourth Amendment protects a criminal defendant after arrest on the trip to the police station . . . . [t]here is no situation that would justify any amount of purposeful sexual verbal and physical predation against a handcuffed arrestee. No risk of flight nor threatened officer safety exists to justify such an abuse of the one-sided power arrangement that arises from a custodial arrest such as this one."); *id.* at 878 (9th Cir. 2001)("Fontana's claim is a Fourth Amendment claim for unreasonable seizure and intrusion on one's bodily integrity, and (2) the Fourth Amendment protects a criminal defendant after arrest on the trip to the police station. First, even though this case does not involve excessive force in the traditional sense, it still falls within the Fourth Amendment."); *Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994) "(A seizure may be unreasonable if it is unnecessarily painful, degrading, or prolonged, or if it involves an undue invasion of privacy."); *Sepulveda v. Ramirez*, 967 F.2d 1413 (9th Cir.1992), cert. denied, 510 U.S. 931 (1993) (right to bodily privacy is a clearly established right and therefore it is a question of fact as to whether a male parole officer violated the constitutional right to privacy of female parolee when he observed her give a urine sample); *Ioane v. Hodges*, 903 F.3d 929, 934-35 (9th Cir. 2018) (Discussing the Ninth's Circuit's precedent establishing the right to bodily privacy)("Fourth Amendment right to bodily privacy when, during the lawful execution of a search warrant at her home, [the agent] escorted [the plaintiff] into the bathroom and monitored [the plaintiff] while she relieved herself."); *Nelson v. City of Davis*, 685 F.3d 867, 875 (9th Cir. 2012) (holding that a person is "seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer by means of physical force or show of authority terminates or restrains his freedom of movement through means intentionally applied."); *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, (9th Cir. 2011) (en banc) citing York v. Story, 324 F.2d 450, 455 (9th Cir. 1963) ([t]he desire to shield one's unclothed figure from [the] view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity."); *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (en banc) ("the reasonableness inquiry in an excessive force case is an objective one: The question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them.") (internal quotations, citations, and alterations omitted).

**Instruction No. __**
**Counts Two, Four, Five, and Seven—Federal Program Bribery**

Title 18, United States Code, Section 666(a)(1)(B), makes it a crime for anyone who is an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof, that receives more than $10,000 in federal assistance in any one year period, to corruptly solicit or demand for the benefit of any person, or to accept or agree to accept anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:      That the defendant was an agent of the City of Caldwell, Idaho;

*Second*:    That the City of Caldwell was a local government that received in any one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance;

*Third*:     That the defendant corruptly solicited, demanded for the benefit of any person, accepted, or agreed to accept anything of value—that is sex and sexual favors—from K.G., C.L., C.A., and E.J. with the intent to be influenced or rewarded in connection with any business, transaction, or series of transactions of the City of Caldwell, Idaho; and

*Fourth*:    That the business, transaction, or series of transactions involved anything of value of $5,000 or more.

The term "agent" means a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative.

The term "government agency" means a subdivision of the executive, legislative, judicial, or other branch of government, including a department, independent establishment, commission, administration, authority, board, and bureau, and a corporation or other legal entity established, and subject to control, by a government or governments for the execution of a governmental or intergovernmental program.

The term "local" means of or pertaining to a political subdivision within a State, such as a city.

The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The term "in any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. Such period may include time both before and after the commission of the offense.

An act is "corruptly" done if it is done with consciousness of wrongdoing, meaning that he knew his behavior violated a law or government regulation.

The term "anything of value" may be tangible property, intangible property, or services, of any dollar value, so long as it has value. The government is not required to prove that the thing of value that the defendant allegedly illegally solicited was "federal benefits," or that the illegal acts directly affected the federal benefits that the entity received. Rather, the

government is required to prove only that the defendant illegally solicited a thing of value while he was an agent of an entity that received in excess of $10,000 in federal benefits.

In determining whether the defendant solicited a thing of value, do not consider bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, to the defendant in the usual course of business.

Next, it is not necessary for the government to prove that the defendant who solicited the bribe benefitted from the bribe or that the bribe was successfully obtained.

Finally, the government is not required to prove that the defendant knew that the entity received in excess of $10,000 in federal benefits or had any control over those funds. There must be some connection, however, between the criminal conduct and the organization receiving federal assistance—here, the City of Caldwell.

Fifth Circuit Pattern Jury Instructions 2.33B Bribery Concerning Programs Receiving Federal Funds (Soliciting a Bribe); Third Circuit Pattern Instructions 6.18.666A1B-1

**Instruction No. __**
**Verdict Forms**

A verdict form has been prepared for this case. For your convenience, each juror has a copy of each verdict form. Additionally, you will be supplied with a separate, clean copy of each verdict form which you will fill in and return to the Court.

You will take these Verdict Forms with you to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign all seven Verdict Forms which sets forth the verdicts upon which you agree.  You will then return with your verdicts to the courtroom.

We will now hear the closing arguments of counsel after which I will give you a few brief closing instructions.

*6.23 Verdict Form*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:23-cr-00281-DCN |
| v. | **VERDICT** |
| RYAN A. BENDAWALD, | |
| Defendant. | |

We, the jury in the above action, unanimously find as follows:

**Question 1**: As to **Count 1** of the Indictment, charging the defendant with deprivation of rights under color of law, in violation of 18 U.S.C. § 242, the defendant is:

_____                                  _____
Not Guilty                                           Guilty

*If you found the defendant guilty of Count 1, proceed to answer question 2. If you found the defendant not guilty, skip question 2, and proceed to question 3.*

**Question 2**: In finding the defendant guilty of **Count 1**, did the offense involve aggravated sexual abuse or attempted aggravated sexual abuse:

_____                                  _____
No                                                      Yes

**Question 3**: As to **Count 2** of the Indictment, charging the defendant with federal program bribery, in violation of 18 U.S.C. § 666, the defendant is:

_____                                  _____
Not Guilty                                           Guilty

**Question 4**: As to **Count 3** of the Indictment, charging the defendant with deprivation of rights under color of law, in violation of 18 U.S.C. § 242, the defendant is:

_____                    _____
Not Guilty                    Guilty

**Question 5**: As to **Count 4** of the Indictment, charging the defendant with federal program bribery, in violation of 18 U.S.C. § 666, the defendant is:

_____                    _____
Not Guilty                    Guilty

**Question 6**: As to **Count 5** of the Indictment, charging the defendant with federal program bribery, in violation of 18 U.S.C. § 666, the defendant is:

_____                    _____
Not Guilty                    Guilty

**Question 7**: As to **Count 7** of the Indictment, charging the defendant with federal program bribery, in violation of 18 U.S.C. § 666, the defendant is:

_____                    _____
Not Guilty                    Guilty

**Question 8**: As to **Count 8** of the Indictment, charging the defendant with deprivation of rights under color of law, in violation of 18 U.S.C. § 242, the defendant is:

_____                    _____
Not Guilty                    Guilty

*If you found the defendant guilty of Count 8, proceed to answer questions 9 and 10. If you found the defendant not guilty, skip questions 9 and 10.*

**Question 9**: In finding the defendant guilty of **Count 8**, did the offense involve bodily injury:

_____                    _____
No                                     Yes


**Question 10**: In finding the defendant guilty of **Count 8**, did the offense involve aggravated sexual abuse or attempted aggravated sexual abuse:

_____                    _____
No                                     Yes


_____                    _____
DATE                                     FOREPERSON