JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANT UNITED STATES ATTORNEY
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:23-cr-00281-DCN |
| Plaintiff, | **UNITED STATES'S RESPONSE TO DEFENDANT'S THIRD MOTION TO CONTINUE TRIAL (ECF 191)** |
| vs. | |
| RYAN A. BENDAWALD, | |
| Defendant. | |

Citing the Government's early disclosure of Jencks material, the defendant now seeks to postpone trial after selecting a jury. While the material is voluminous, it is largely duplicative of material previously provided in discovery; moreover, it is not dense. Nevertheless, the Government herein responds to address the nature of this production and does not object to the Defendant's requested limited delay of trial presentation by three days.

## Background

Yesterday, the Government produced the following material to defense counsel:

- 154 pages of reports and material collected in the past week while meeting and preparing witnesses for trial;

- 6,783 pages of material bates stamped "BENDAWALD_JENCKS."

Of course, in the days leading up to trial, new material is disclosed as communications with witnesses is documented. This trial is no different. Thus, the first category of produced material is relatively straight forward.

In the second batch of material, the Government has taken a generous production approach to material that could possibly be considered Jencks statements to ensure compliance with its discovery obligations. None of this material is dense and most isn't even new to the Defendant. For instance, when the Government obtained the Defendant's driver's license photograph, the Government has produced the email and driver's license photograph out of an abundance of caution. The attachments in these emails have already been produced by the Government during discovery; accordingly, the "new" material is simply the email acquiring those documents.

## Legal Framework

Rule 16(a)(1) specifically enumerates what materials are subject to pre-trial discovery—the defendant's oral, written, or recorded statements; statements of persons who can legally bind an organizational defendant; the defendants' criminal history; documents and objects in the United States' possession or control that are material to preparing the defense, that the United States intends to use in its case-in-chief, or that were obtained from or belonged to the defendant; and reports of examination and tests. Rule 16(a)(2)

2

specifically excludes from discovery any report, memoranda, or other internal document "made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." *United States v. Fort*, 472 F.3d 1106, 1119–20 (9th Cir. 2007).

In addition, Rule 16(a)(2) generally bars the discovery of statements of prospective government witnesses unless the statement falls under the reach of the Jencks Act, 18 U.S.C. § 3500. The Jencks Act provides that "no statement or report in possession of the United States which was made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a); *see United States v. Mills*, 641 F.2d 785, 790 (9th Cir. 1981).

Federal Rule of Criminal Procedure 26.2 is virtually identical to the Jencks Act, was designed to incorporate Jencks into the criminal rules, and provides:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Fed. R. Crim. P. 26.2.

The term "statement" is defined by Rule 26.2(f)(1) as including "a written statement that the witness makes and signs, or otherwise adopts or approves." Accordingly, Jencks and Rule 26.2 require the government to provide the defense with any statement made by a government witness which has been adopted or approved by the witness, and which relates to her testimony on direct examination. Draft documents are incomplete until finalized and

3

are not considered adopted or approved written statements under Jencks. *See United States v. Reed*, 575 F.3d 900, 921 (9th Cir. 2009) (holding rough notes were not a "statement" under the Jencks Act because "[o]nly later, when the agent prepares his formal interview report, will the agent make the complete statement envisioned by the Jencks Act") (internal quotation marks omitted).[1]

Under the *Jencks* Act, "[o]nly statements of a government witness that relate to that witness's testimony must be disclosed," and the "doctrine has not been extended to require the government to produce an entire investigative file." *See Blackfoot Livestock Com'n v. Dep't of Agriculture, Packers & Stockyards*, 810 F.2d 916, 923 (9th Cir. 1987). For production under Jencks, "a government witness's prior statement must not only be the witness's own words, but should also be in the nature of a complete recital that eliminates the possibility of portions being selected out of context." *See United States v. Bodadilla-Lopez*, 954 F.2d 519, 522 (9th Cir. 1992).

When a "statement" falls within Jencks, it is subject to discovery *after* the witness has testified on direct examination. *See* 18 U.S.C. § 3500(a); *see also United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986) (holding that any court order requiring the disclosure of

---

[1] *See United States v. Kaiser*, 660 F.2d 724 (9th Cir. 1981); *see also United States v. Robertson*, 895 F.3d 1206, 1217 (9th Cir. 2018); *United States v. Michaels*, 796 F.2d 112, 117 (9th Cir. 1986); *cf. United States v. Bodadilla-Lopez*, 954 F.2d 519, 522–23 (9th Cir. 1992) ("Neither this court nor any other court has held that by recording conversations between its agents, the government transforms the conversations into potential Jencks Act 'statements.'"); *United States v. Spencer*, 618 F.2d 605, 606 (9th Cir. 1980) (notes which are a "not complete, are truncated in nature, or have become an unsiftable mix of witness testimony, investigators' selections, interpretations, and interpolations" are not producible "statements" under the Act).

Jencks Act material prior to trial is "inconsistent with the express provision of the Jencks Act and therefore unenforceable").

## Discussion

Although the Jencks Act and Rule 26.2 permit the Government to withhold statements until the witness testifies on direct examination, the Government has disclosed them well in advance of any testimony. *See* 18 U.S.C. § 3500(a); *see also Taylor*, 802 F.2d at 1118 (holding that any court order requiring the disclosure of Jencks Act material prior to trial is "inconsistent with the express provision of the Jencks Act and therefore unenforceable").

Likewise, the nature of this production underscores that the Government's good-faith efforts to ensure the material was provided for use in trial. The production today included emails between investigators obtaining material during the course of the investigation as well as those attached materials. Thus, substantively, the Defendant has had most of this material well before today's production. Nevertheless, the Government reproduced that material today to ensure the Defendant understood the nature of attachments to emails. Finally, review of this material is neither time consuming nor complex.

The Court and the parties have diligently prepared to begin presenting evidence on Wednesday. Nothing about yesterday's early disclosure of Jencks material warrants further delay. The Government provided the Defendant with communications with witnesses early and under no affirmative obligation to do so.

**Conclusion**

Now, the Defendant requests that the Court delay presentation of evidence based on this disclosure. Neither the nature of the material or the timing of this disclosure warrants such disruption of the trial schedule. Nevertheless, the Government does not object to the Defendant's limited request to continue the trial presentation by three days.

Respectfully submitted this 1st day of September, 2025.

JUSTIN D. WHATCOTT
Acting United States Attorney
District of Idaho

By:      */s/ Katherine Horwitz*
Katherine L. Horwitz
Assistant U.S. Attorney

*/s/ Francis J. Zebari*
Francis J. Zebari
Assistant U.S. Attorney